## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENNIFER J. REINOEHL, JASON REINOEHL, SARAH REINOEHL, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) ) | CASE NO.: 1:23-cv-00889-SEB-MG |
| PENN-HARRIS-MADISON SCHOOL CORPORATION, PENN-HARRIS-MADISON SCHOOL BOARD, KATIE JENNER IN HER OFFICIAL AND INDIVIDUAL CAPACITY, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS AND IN THE ALTERNATIVE MOTION TO STRIKE

Plaintiffs Jennifer, Jason, and Sarah Reinoehl filed this 42 U.S.C. § 1983 action against Penn-Harris-Madison School Corporation and its School Trustees (collectively, "Penn-Harris-Madison" or "the School Corporation") and Indiana Secretary of Education Katie Jenner. Plaintiffs allege Indiana's 9th grade biology guidelines (or "Indiana's guidelines") on the teaching of the theory of evolution violate the Establishment Clause of the First Amendment to the U.S. Constitution (Count I) and Article I, Section 3 of the Indiana Constitution (Count II). Plaintiffs' actions for damages are based on instances in which Sarah Reinoehl and L.R. took 9th grade biology taught in accordance with Indiana's guidelines during school years 2018-19 and 2019-20, respectively. Plaintiffs ask this Court to declare the teaching of the theory of evolution unlawful. Thus they ask this Court to enjoin Indiana's schools from teaching the theory of evolution in science classes and to remove from all science classrooms any materials about the theory of evolution. [Dkt. 1, ¶¶ 79, 80, 100-108, Part V.]

Plaintiffs' claims must be dismissed for several reasons. First, this Court should dismiss the duplicative claims against the Penn-Harris-Madison Board of Trustees. Second, this Court lacks subject matter jurisdiction of Plaintiffs' claims for declaratory and injunctive relief, which are also unripe (as to Jennifer and Jason Reinoehl) or moot (as to Sarah Reinoehl). Third, Plaintiffs claims are based on the actions of Indiana state entities, which are legally separate entities from the School Corporation, so Penn-Harris-Madison should be dismissed from this action. Fourth, Plaintiffs fail to state a claim for a violation of the Establishment Clause. Fifth, Plaintiffs fail to state a claim for a violation of Article I, Section 3 of the Indiana Constitution. Finally, if any claims survive, the provisions of Plaintiffs' pleading that are redundant, immaterial, and impertinent should be stricken.

## RELEVANT FACTUAL ALLEGATIONS IN THE COMPLAINT

Penn-Harris-Madison School is a public school corporation located in Mishawaka, Indiana serving approximately 11,500 students, including 4,000 who attend Penn High School. [Dkt. 1, ¶ 4]

Plaintiffs Jennifer and Jason Reinoehl are parents of Jason Reinoehl II, Samuel Reinoehl, Co-Plaintiff Sarah Reinoehl, and L.R., who "have attended" Penn High School. [Dkt. 1, ¶11] Their youngest child, T.R. is too young to attend Penn High School, though they report they expect T.R. to attend the school one day. [*Id.*, ¶ 12] Plaintiffs' pleading offers no facts to suggest they have any minor children who currently attend Penn High School.

Plaintiffs assert that in academic year 2018-19, Sarah Reinoehl was a 9th grade student who was taught at Penn High School the theory of evolution in accordance with the State of Indiana's 9th grade biology guidelines. [Dkt. 1, ¶¶ 25, 35, 39, 46, 51, 61, 66, 68, 70, 73, 75, 77, 79] They further assert that in academic year 2019-20, L.R. was a 9th grade student who was

taught at Penn High School the theory of evolution in accordance with the Indiana's 9th grade biology guidelines [*Id.*, ¶¶ 25, 35, 39, 46, 51, 61, 66, 68, 70, 73, 75, 77, 80]

Plaintiffs argue the theory of evolution is flawed, and they believe, as Christians, the theory of evolution is in direct conflict with the Book of Genesis and thus with their religious beliefs. [Dkt. 1, ¶ 15-60, 89, 92, 94-95] Plaintiffs argue that because the theory of evolution conflicts with their beliefs, "evolution promotes positions taken by advocates of [a]theism." [*Id.*, ¶ 29, 32, 82-83, 90, 91, 97] Plaintiffs argue atheists "continuously attack public institutions for having any semblance of Christianity." [*Id.*, ¶ 91] "Instead of accepting the facts," Plaintiffs argue, "atheists ignore them." [*Id.*, ¶ 32]

Thus, the Plaintiffs argue that because the theory of evolution is flawed and conflicts with their beliefs, Indiana's 9th grade biology guidelines are "atheistic" and "religious." [Dkt. 1, ¶ 14, 17, 65-78, 84, 85, 97] "Because the Atheist Theory of Evolution specifically attacks the Judeo-Christian origin story," Plaintiffs argue, "it has the purpose and effect of advancing atheist religion and results in entanglement of the state with religion – as would any philosophy or theory about the origin of the universe and life." [*Id.*, ¶ 92] Plaintiffs contend that all discussion of the origins of life and the universe should be limited to religion and philosophy classes where "all religions should be presented as equal." [*Id.*, ¶ 96] Plaintiffs argue that "tenants [sic] of Atheism that specifically deny that there is any God that created things in six days and that speak about origins of life and the universe are offensive to Christians," and that it is not fair children must learn the theory of evolution "[i]f generic prayers that offend atheists cannot be said." [Dkt. 1, ¶¶ 86-88]

Finally, Plaintiffs assert that when Sarah Reinoehl and L.R. were taught the theory of evolution in accordance with Indiana's 9th grade biology guidelines, Plaintiffs were harmed. [Dkt. 1, ¶¶ 64, 81]

LEGAL STANDARDS

## I.     Dismissal for Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges for lack of standing. *Retired Chi. Police Ass'n v. City of Chi.*, 76 F.3d 865, 862 (7th Cir. 1996). Standing is an essential part of the court's subject matter jurisdiction under Article III of the U.S. Constitution. *Ervins v. Sun Prairie Area Sch. Dist.*, 609 F. Supp. 3d 709, 719 (N.D. Ill. 2022) (citing *Hollingsworth v. Perry*, 570 U.S. 693 (2013)). To establish standing under Article III, a plaintiff must show: an actual or imminent, concrete, and particularized injury in fact; such injury is traceable to the conduct of the defendant; and the relief sought would grant redress from such injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs bear the burden of showing standing. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

## II.    Dismissal for Failure to State a Claim under Rule 12(b)(6)

To avoid dismissal, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A claim is plausible when the plaintiff pleads facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011). Those facts must be "more than labels." *Twombly*, 550 U.S. at 556. Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.*; *McCauley*, 671 F.3d at 616; *Reinoehl v. Ctrs. for Disease Control and Prevention*, No. 2:21-cv-608, 2021 WL 8650620, at *1 (N.D. Ind. Nov. 8, 2021), *aff'd* No. 22-1401, 2022 WL 14461946 (7th Cir. Oct. 25, 2022), *reh'ing en banc denied Reinoehl v. Ctrs. for Disease Control and Prevention*, 2022 WL 17366496 (Dec. 1, 2022), *cert. denied Reinoehl v. Ctrs. for Disease Control and Prevention*, 2023 WL 3604668 (June 5, 2023) (quoting *In re McDonald*, 489 U.S. 180, 184 n.8 (1989)). The "plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley*, 671 F.3d at 616 (quoting *Iqbal*, 129 S.Ct. at 1950).

## ARGUMENT

**I.     This Court Should Dismiss the Duplicative Claim Against the Penn-Harris-Madison Board of Trustees.**

Under Indiana law, lawsuits against a school corporation must be brought in the name of the school corporation, rather than the governing body acting on its behalf. Specifically, Ind. Code § 20-26-5-4(a)(1) states, "[i]n carrying out the school purposes of a school corporation, the governing body acting on the school corporation's behalf has the following specific powers: In the name of the school corporation, to sue and be sued." *See also Wright v. Stockman*, 59 Ind. 65 (1877) (holding suits by or against a school corporation should be brought in the corporation's name); *Moreno-Avalos v. City of Hammond*, 2017 WL 57850, at *2 (N.D. Ind. Jan. 4, 2017) ("If a plaintiff brings a suit against a government entity, any claim against an officer of that entity in his or her official capacity is redundant and should be dismissed."). Because Plaintiffs' claims represent claims against the Penn-Harris-Madison School Corporation (the proper party in this case), any claim against the Board of Trustees is redundant, confusing, and improper and should be dismissed in its entirety. [Dkt. 1, ¶1]

## II.   This Court Lacks Subject Matter Jurisdiction to Hear Plaintiffs' Claims for Declaratory and Injunctive Relief.

Plaintiffs seek declaratory and injunctive relief halting Indiana's schools from teaching the theory of evolution to students in 9th grade biology classes pursuant to the IDOE Guidelines. [Dkt. 1, ¶¶ 65-77, 99-106]  To the extent such claims are brought against Penn-Harris-Madison, they should be dismissed. This Court lacks subject matter jurisdiction of such claims because Plaintiffs lack standing. Fed. R. Civ. P. 12(b)(1).

To show concrete and particularized, imminent and actual harm required for standing, "the injury must affect the plaintiff in a personal and individual way." *Freedom from Religion Fdn. v. Lew*, 773 F.3d 815, 819 (7th Cir. 2014), quoting *Lujan*, 504 U.S. at 560 n.1. A "plaintiff must establish that he has sustained or is immediately in danger of sustaining some direct injury." *Tobin for Governor v. Ill. St. Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001). "Abstract injury is not enough." *Id*. at 528 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). A plaintiff cannot show requisite harm "based solely on being offended by the government's alleged violation of the Establishment Clause." *Lew*, 773 F.3d at 819.

For standing to seek prospective relief, a plaintiff must allege harm is imminent. Neither "past exposure to illegal conduct," nor speculation that a plaintiff "may suffer the same injury at some time in the future" are sufficient. *Tobin*, 268 F.3d at 528 (finding no standing for declaratory relief in § 1983 action). Rather, "the Supreme Court has made clear that . . . to invoke Article III jurisdiction a plaintiff in search of prospective equitable relief must show a significant likelihood and immediacy of direct injury." *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000) (finding plaintiffs lacked standing for declaratory and injunctive relief).

A.  Plaintiff Sarah Reinoehl lacks standing to seek prospective relief.

6

Plaintiff Sarah Reinoehl seeks declaratory and injunctive relief halting Indiana's schools from teaching the theory of evolution to students in 9th grade biology classes, pursuant to the IDOE Guidelines. [Dkt. 1, ¶¶ 65-77, 99-106] To the extent she seeks such remedies against Penn-Harris-Madison, she has no standing to seek such prospective relief.

Sarah Reinoehl completed the 9th grade biology class as a 9th grade student at Penn High in the 2018-19 school year. [Dkt. 1, ¶ 79] Plaintiffs do not suggest Sarah Reinoehl is re-taking or must re-take the course. Nor do they aver that she attends Penn High School after "hav[ing] attended" the school. [*Id.*, ¶ 11]

Student plaintiffs fail to demonstrate imminent harm required to establish standing for declaratory or injunctive relief where they are not likely to encounter the allegedly unconstitutional activity in the future. *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 74 (2d Cir. 2001) (dismissing for lack of standing plaintiffs' Establishment Clause challenge to a school Earth Day celebration because students had already graduated or left the district) (citing *Doremus v. Bd. of Educ. of Borough of Hawthorne*, 342 U.S. 429, 432-33 (1952) (dismissing an Establishment Clause action challenging Biblical readings in public school where the student plaintiff had graduated)); *Roberts v. Madigan*, 921 F.2d 1047, 1052 (10th Cir. 1990) (finding plaintiff had no standing for injunctive relief in Establishment Clause challenge to teacher's classroom Bible reading; student could show no imminent harm because she had completed the teacher's class); *Separation of Hinduism from Our Schools v. Chi. Pub. Schs.*, No. 20 C 4540, 2021 WL 2036536, at *4-5 (N.D. Ill. May 21, 2021) (dismissing for lack of standing plaintiffs' Establishment Clause claim that "Quiet Time" program imposed Hinduism; plaintiffs could show no imminent harm where he would not participate in the program in the future and was no longer in school).

And assertions of past harm do not suffice to meet a plaintiffs' burden to show standing for prospective relief. *Sierakowski*, 223 F.3d at 443; *Schirmer v. Nagode*, 621 F.3d 581, 584-86 (7th Cir. 2010). Thus Sarah Reinoehl has no standing to seek injunctive or declaratory relief, as there is nothing in the pleading to suggest a significant likelihood that she will suffer imminent, actual harm from the challenged lessons on the theory of evolution in accordance with the IDOE 9th grade biology guidelines in the future. Accordingly, such claims must be dismissed.

B.  Plaintiffs Jennifer and Jason Reinoehl lack standing to seek prospective relief.

Plaintiffs Jennifer and Jason Reinoehl seek declaratory and injunctive relief halting Indiana's schools from teaching the theory of evolution to students in 9th grade biology classes in accordance with the Indiana 9th grade biology guidelines. [Dkt. 1, ¶¶ 99, 106] To the extent they seek such remedies against Penn-Harris-Madison, they lack standing to seek such relief because they face no imminent, immediate harm.

Two of their older children, Sarah Reinoehl and L.R., completed 9th grade biology in 2018-19 and 2019-20. [Dkt. 1, ¶¶ 79, 80] Though they report concern at the prospect that T.R. may be taught the theory of evolution in accordance with IDOE 9th grade biology guidelines one day, T.R. is too young to attend high school. [*Id.*, ¶ 12, 105] Such harm is too speculative to invoke federal jurisdiction of their Establishment Clause claim for prospective relief.

The Seventh Circuit has observed that parents may have standing to challenge Establishment Clause violations their children currently encounter in the school they *presently* attend. *Fleischfresser v. Dirs. of Sch. Dist. 200,* 15 F.3d 680, 683-84 (7th Cir. 1994); *Berger v. Renssalear Sch. Corp.*, 982 F.2d 1160, 1164 (7th Cir. 1993) (observing parents had standing to challenge Gideon Bible distribution in school where their child attended; distribution could occur at any time). But Plaintiffs have pled no facts showing a "significant likelihood and *immediacy*

of sustaining some direct injury" relating to any of their children's education. *Sierakowski*, 223

F.3d at 443 (emphasis added). As pled by the Plaintiffs, T.R. is too young to attend Penn High

School. [Dkt. 1, ¶ 12] Even if Plaintiffs Jennifer and Jason Reinoehl plan one day to enroll T.R.

at Penn High, "[t]hese intentions to engage in future action do not confer standing." *Parker v.*

*Indiana High Sch. Athletic Ass'n*, 2009 WL 4806943, at *3 (S.D. Ind. Dec. 2, 2009) (finding no

standing for ten year old's constitutional challenge of high school athletic program).

Accordingly, the Reinoehls can show no imminent future harm, and they have no standing for

declaratory or injunctive relief. *Barron ex rel. D.B. v. South Dakota Bd. of Regents*, 655 F.3d

787, 794-95 (8th Cir. 2011) (finding parents could show no injury in § 1983 due process action

challenging the closure of the state school for children with hearing impairment; plaintiffs'

children were not enrolled in such school in either the prior or upcoming school year); *Roberts*,

921 F.2d at 1052 (finding younger students could show no imminent harm in Establishment

Clause claim challenging the actions of a teacher in a higher grade; such student may never take

the teacher's class, so the claims were speculative); *Montesa v. Schwartz*, 836 F.3d 176, 195-201

(2d Cir. 2016) (finding students did not have standing to challenge other students' special

education placements in religious schools); *Doe v. Tangipahoa Parish Sch. Bd.*, 494 F.3d 494,

497 (5th Cir. 2007) (vacating district court grant of summary judgment against school; parents

and students had no standing to challenge school board prayer where they had not attended

meetings or been exposed to such prayers); *Does 1-7 v. Round Rock Indep. Sch. Dist.*, 540 F.

Supp. 2d 735, 742 (W.D. Tex. 2009) (finding plaintiffs lacked standing to bring Establishment

Clause challenge to graduation invocation; where plaintiffs' children were too young and not yet

enrolled in high school, fear of exposure to such practice one day was insufficient to show

likelihood of future harm); *C.F. v. Capistrano Unified Sch. Dist.*, 647 F.2d 1187, 1198-99 (C.D.

Cal. 2009) (declining to issue a declaratory judgment where doing so was unnecessary; plaintiff student was no longer in the teacher's class and was not likely to take a future class with him).

With no facts pled to assert that any of the Reinoehl children are Penn High School students required to study evolution in 9th grade biology in accordance with the Indiana guidelines, Plaintiffs can show no standing for declaratory or injunctive relief against Penn-Harris-Madison. Plaintiffs plead in this action only disapproval of the alleged teaching of evolution in 9th grade biology in accordance with the Indiana guidelines. To show injury, a party must demonstrate more than mere disagreement with a government act. *Lew*, 773 F.3d at 819 (7th Cir. 2014); *COPE v. Kansas State Bd. Educ*., 821 F.3d 1215, 1221-23 (10th Cir. 2016) (dismissing plaintiffs' Establishment Clause case challenging the inclusion of evolution in Kansas science education standards); *Caldwell v. Caldwell*, 545 F.3d 1126 (9th Cir. 2008) (finding parents had no standing to object to university website with information on evolution for school teachers and students; parent's interest was simple public disapproval). Accordingly, Plaintiffs Establishment Clause claims for declaratory and injunctive relief warrant dismissal for lack of standing.

C. Plaintiffs lack standing to bring their claims on behalf of any others.

To the extent Plaintiffs Jennifer, Jason, or Sarah Reinoehl bring claims against Penn-Harris-Madison on behalf of any others' including any of Jennifer and Jason Reinoehl's children, prudential standing considerations bar such suit. Pro se plaintiffs may not bring claims on behalf of others. *Georgakis v. Ill. St. Univ.*, 722 F.3d 1075 (7th Cir. 2013) (plaintiff could not represent another pro se; dismissing action with prejudice where plaintiff had filed multiple groundless suits against the defendant). This prohibition applies to parents bringing claims on behalf of their minor children. *Foster v. Bd. of Educ. City of Chi*., 611 Fed. Appx. 874, 877 (7th Cir. 2015)

("[W]e have repeatedly held that the rule prohibiting a nonlawyer from representing another person extends to a parent attempting to represent her minor child pro se."). Thus to the extent Plaintiffs assert a claim on behalf of any other person, such claims must be dismissed.[1]

### III. Plaintiff Sarah Reinoehl's Claims For Declaratory And Injunctive Relief Are Injusticiable As Moot.

To the extent Plaintiff Sarah Reinoehl brings claims against Penn-Harris-Madison for declaratory and injunctive relief, such claims should be dismissed on the alternative ground that such claims are moot. Plaintiff avers she "attended" Penn High School and already took 9th grade biology when she was in 9th grade in academic year 2018-19. [Dkt. 1, ¶ 12, 79] She does not suggest she will have to retake the course. Accordingly, her claims under Count I and II are moot. *Jordan by and through Jones v. Ind. High Sch. Athletic Ass'n*, 16 F.3d 785 (7th Cir. 1999) (finding plaintiff's Indiana Constitution claim moot after the student graduated from high school); *Hedges v. Wauconda Cmty. Sch. Dist. No. 118*, 9 F.3d 1295, 1297 (7th Cir. 1993) (vacating injunction, finding action was moot after student plaintiffs graduated and no longer attended school).

### IV. Plaintiffs Jennifer and Jason Reinoehls' Claims For Declaratory And Injunctive Relief Are Injusticiable As Unripe.

To the extent Jennifer and Jason Reinoehl bring claims against Penn-Harris-Madison challenging the teaching of the theory of evolution, such claims must be dismissed because they are unripe. Federal courts may only decide cases and controversies, and may not issue advisory opinions. "Cases are unripe when the parties point only to hypothetical, speculative, or illusory

---

[1] Further, even if the Court granted the relief Plaintiffs here seek against Penn-Harris-Madison, an order halting the teaching of the 9th grade biology standards at Penn High School, such order would in no way impact Plaintiffs, as Plaintiffs have pled that their children do not attend the school. Thus, Plaintiffs have pled no imminent harm fairly traceable to Penn-Harris-Madison's activity, nor have they pled a harm redressed by the remedy they seek. *COPE*, 821 F.3d at 1223 n.11

disputes as opposed to actual, concrete conflicts." *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992) (noting that ripeness is closely related to standing concerns); *Anders ex rel. Anders v. Fort Wayne Cmty. Schs.*, 124 F. Supp. 2d 618 (N.D. Ind. 2000). Plaintiffs may have standing to challenge Establishment Clause violations in the school they presently attend. *Sherman v. Cmty. Consol. Sch. Dist. of Wheeling Twp.*, 980 F.2d 437 (7th Cir. 1992). But taking Plaintiffs' well-pled facts as true, Sarah Reinoehl and L.R. "attended" Penn High School and already took 9th grade biology in the 2018-19 and 2019-20 academic years. [Dkt. 1, ¶ 11, 79, 80] And their youngest child T.R. is too young to attend high school. [*Id.*, ¶ 12]  The Plaintiffs present only a speculative dispute, and thus, their claims in Counts I and II should be dismissed as unripe.

## V.    Plaintiffs Fail To State A Claim On Which Relief Can Be Granted, And So Their Claims Must Be Dismissed In Entirety.

Plaintiffs have asserted no legally recognized claim against Penn-Harris-Madison. Both Counts I and II are based on alleged action by legally separate Indiana state entities, warranting dismissal of claims against Penn-Harris-Madison. Plaintiff Jennifer and Jason Reinoehl's claims for damages and declaratory relief based on past events are time-barred. Further, plaintiffs have asserted no recognized claims for violations of either the U.S. or the Indiana Constitution. Accordingly, Plaintiffs' claims must be dismissed. To avoid dismissal, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Those facts must be "more than labels." *Twombly*, 550 U.S. at 556. Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *McCauley*, 671 F.3d at 616; *Reinoehl v. Ctrs. for Disease Control and Prevention*, No. 2:21-cv-

608, 2021 WL 8650620, at *1 (N.D. Ind. Nov. 8, 2021), *aff'd* No. 22-1401, 2022 WL 14461946 (7th Cir. Oct. 25, 2022), *reh'ing en banc denied Reinoehl v. Ctrs. for Disease Control and Prevention*, 2022 WL 17366496 (Dec. 1, 2022), *cert. denied Reinoehl v. Ctrs. for Disease Control and Prevention*, 2023 WL 3604668 (June 5, 2023) (quoting *In re McDonald*, 489 U.S. 180, 184 n.8 (1989)). The "plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley*, 671 F.3d at 616 (quoting *Iqbal*, 129 S.Ct. at 1950).

A. <u>Plaintiffs' Counts I and II Allege Wrongful Activity by a Legally Separate, State Entity.</u>

Plaintiffs' Counts I and II challenge the constitutionality of Indiana's 9th grade biology guidelines. [Dkt. 1, ¶¶ 100-108] Plaintiffs' Count I and II against Penn-Harris-Madison are based on the assertion that the School Corporation complied with Indiana's guidelines. [*Id*., ¶¶ 25, 35, 39, 46, 51, 61, 65-80, 100-108]  For example, Plaintiffs aver that Penn-Harris-Madison teachers "must" answer questions consistent with the Indiana guidelines. [*Id*., ¶ 103] Plaintiffs refer to alleged wrongs by "Defendants" generally [*Id*., ¶¶ 100-08], but Indiana law provides Penn-Harris-Madison is an entity separate from the Indiana Department of Education and the Secretary of Education. *See* Ind. Code §§ 20-18-2-18.1 (Secretary of Education); 20-18-2-3 (Indiana Department of Education); 20-18-2-5 (Governing Body); 20-16-2-16 (School Corporation). Further, Indiana law provides that Penn-Harris-Madison does not govern the Indiana guidelines, but is required by law to educate students in a program governed by such standards. *See* Ind. Code §§ 20-19-2-14.5; 20-30-5-7(a)(4); 20-31-3-1; 20-31-3-2; 20-31-3-6.

Even accepting as true Plaintiffs' well-pled facts in the Complaint, Penn-Harris-Madison, a local government entity, is not a "person" who can be held liable under 42 U.S.C. § 1983 when it is merely complying with state law. *Snyder v. King*, 745 F.3d 242, 246-47 (7th Cir. 2014). In

such circumstance, there is no policy, custom, or official act of the local governing body that proximately caused a plaintiff's injury. And thus, the local government entity cannot be held liable for such injury. *Id.* at 346-50 (affirming district court dismissal of § 1983 action against local government); *Surplus Store & Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 790-92 (7th Cir. 1991) (affirming dismissal of § 1983 claim alleging city's compliance with state statute was unconstitutional; stating "[i]t is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the 'policy' of enforcing state law"); *Strauss v. City of Chi.*, 760 F.2d 765, 766-67 (7th Cir. 1985). Accordingly, Plaintiffs' claims against Penn-Harris-Madison, hinging on the School Corporation's compliance with the Indiana 9th grade biology standards, must be dismissed.

B. <u>Plaintiffs Jennifer and Jason Reinoehl's Establishment Clause claims for past wrongs are time-barred</u>.

To the extent Plaintiffs bring an action for damages and declaratory relief against Penn-Harris-Madison for past alleged wrongs, such claim is time-barred. Plaintiffs claim their rights were violated when Sarah Reinoehl and L.R. were taught the theory of evolution in accordance with the Indiana guidelines in 9th grade biology class at Penn High School. [Dkt. 1, ¶¶ 11, 14, 25, 35, 39, 46, 51, 61, 64, 66, 68, 70, 73, 75, 77, 79, 80, 81, 100-06] In Indiana, the statute of limitations for a claim under 42 U.S.C. § 1983 is two years. *Miles v. Vanderburgh Cty. Jail*, 335 Fed. Appx. 633, 635 (7th Cir. 2009); Ind. Code § 34-11-2-4. This limitations period applies to claims seeking declaratory relief and damages alike.[2] Sarah Reinoehl took 9th grade biology in

---

[2] The statute of limitations for Jennifer and Jason Reinoehl's claim for damages bars their request for declaratory relief as well. *Greenhill v. Vartanian*, No. 15-cv-09585, 2017 WL 5294039, at *6 (N.D. Ill. Nov. 13, 2017) (collecting cases; "Although the federal declaratory judgment statute does not contain a statute of limitations, every federal appellate court to address the issue has held that a claim for declaratory judgment remains barred to the same

the 2018-19 academic year. [*Id.*, ¶ 79] L.R. took 9th grade biology in the 2019-20 academic year. [*Id.*, ¶ 80] Plaintiffs filed this action on May 23, 2023. [Dkt. 1] Plaintiffs Jennifer and Jason Reinoehl's claim for damages and declaratory relief under 42 U.S.C. § 1983 against Penn-Harris-Madison is time barred and must be dismissed.

C.  Plaintiffs fail to state a claim on which relief can be granted under the Establishment Clause.

Plaintiffs argue the Indiana guidelines impose a "state-sponsored, atheistic 'religious Theory of Evolution' and state-sponsored, atheistic, religious Big Bang Theory under the guise that they are science." [Dkt. 1, ¶¶ 13, 14-60, 66, 68, 70, 73, 75, 77, 82] Plaintiffs believe the theory of evolution conflicts with Judeo-Christian teachings, including the Book of Genesis. [*Id.*, ¶¶ 65-78, 92] Accordingly, Plaintiffs conclude that the teaching of the theory of evolution is religious because "[e]volution promotes positions taken by advocates of Atheism." [*Id.*, ¶¶ 82-85, 91, 95] And so, Plaintiffs argue, this conflict precludes Indiana's public schools from teaching "any philosophy or theory about the origin of the universe and life" in science courses. [*Id.*, ¶¶ 92-94, 100-05] They argue:

> Hypothesis [sic] that meet all the requirements of being a scientific hypothesis cannot be formed about the origins of the Universe and the origins of life within the Universe and therefore must be limited to classes on religion and philosophy – in which all creation stories from all religions should be presented as equal. When public school teachers falsely claim the Theory of Evolution to be "scientific truth" and teach if as such in public schools, they violate first amendment rights by establishing a state, atheist religion.

[*Id.*, ¶ 96] Plaintiffs seek damages, a declaratory judgment, and injunctive relief halting the teaching of the theory of evolution in accordance with Indiana's 9th grade biology. They further

---

extent that a time bar applies to the underlying claim for substantive relief."), *aff'd* 917 F.3d 984 (7th Cir. 2019); *Morris v. Mfrs. Life Ins. Co.*, No. EV 95-142, 1997 WL 534156, at *10 (S.D. Ind. Aug. 6, 1997).

ask the Court to order all materials relating to such evolution lessons be removed from science classes. They seek this remedy under the Establishment Clause. [*Id.*, ¶¶ 100-05]

However genuine Plaintiffs' faith beliefs may be, they do not assert a facial or "as applied" claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiffs' arguments have been rejected by numerous courts and do not accord with the Establishment Clause.

1. Courts afford broad discretion to school curricular authority.

To the extent Plaintiffs bring an Establishment Clause claim against Penn-Harris-Madison, such claim must be viewed in light of the courts' accord for public school officials' curricular discretion. *Fleischfresser v. Dirs. of Sch. Dist. 200*, 15 F.3d 680, 686 (7th Cir. 1994). Rejecting parents' Establishment Clause challenge to an elementary school reading series, the court began its analysis acknowledging that courts afford weight to the "broad discretion of a school board to select its public school curriculum." *Id.* at 686. A court may "inject itself in a controversy regarding the daily operation of [a] school system only if basic constitutional values are directly and sharply implicate[d]." *Id.* at 686-87 (internal quotations omitted); *see Epperson v. Arkansas*, 393 U.S. 97, 104-05 (1968); *Webster v. New Lenox Sch. Dist. No. 122*, 917 F.2d 1004 (7th Cir. 1990) (dismissing teacher's speech claim; given prior case law and school curricular autonomy, teacher had no right to teach nonevolutionary biology).

2. Plaintiffs plead no facts asserting religious coercion in violation of the Establishment Clause.

The First Amendment to the U.S. Constitution provides that government "shall make no law respecting an establishment of religion." U.S. CONST. amend. I. The Constitution favors tolerance, not censorship and suppression. *Kennedy v. Bremerton*, 142 S. Ct. 2407, 2416 (2022). The Establishment Clause prohibits a school from coercing students to support a religion or participate in a religious exercise. *Kennedy*, 142 S. Ct. at 2429; *Santa Fe v. Doe*, 530 U.S. 290,

302 (2000); *Lee v. Weisman*, 506 U.S. 577, 587 (1992).[3] Religious coercion occurs where government "direct[s] the performance of a formal religious exercise," such as leading students in prayer. *Lee*, 505 U.S. at 586; *Santa Fe*, 530 U.S. at 317.

      *a.   Plaintiffs point to no religious activity by Penn-Harris-Madison.*

Plaintiffs' well-pled facts do not assert religious coercion where – as here – there is no religious doctrine imposed by the government. *See Ervins v. Sun Prairie Area Sch. Dist.*, 609 F. Supp. 3d 709, 725 (W.D. Wis. 2022) (finding Establishment Clause curricular challenge fails unless the defendant's action was religious); *see, e.g.*, *Freiler v. Tangipahoa Parish Bd. of Educ.*, 185 F.3d 337 (5th Cir. 1999) (declining under prior doctrine to apply the coercion test, finding the teaching of the theory of evolution "does not direct student participation in a formal religious exercise"); *Crowley v. Smithsonian*, 636 F.2d 738, 743-44 (1980) (finding museum exhibits on evolution did not violate the Establishment Clause); *see also* 68 Am. Jur. 2d Schools § 415 (Because the theory of evolution is not a religion, "the mandated teaching of evolution" in a public school "is not a violation of the Establishment Clause."). For example, applying the coercion test, the Seventh Circuit rejected an Establishment Clause challenge to a school holiday spectacular. Where the event imposed no prayer or religious literature and did not take place in a sanctuary or other worship space, the court found no religious event, and therefore no religious coercion. *Freedom from Religion Found., Inc. v. Concord Cmty. Schs.*, 885 F.3d 1038, 1048-49

---

[3] Plaintiffs frame their Establishment Clause arguments at least in part by reciting the elements of the test articulated in the now-abandoned *Lemon v. Kurtzman*, 403 U.S. 602 (1973). [*See* Dkt. 1, ¶ 101] The Supreme Court's recent decision in *Kennedy* made clear the appropriate question in Establishment Clause jurisprudence is whether government action coerces religious belief or practice. *Kennedy*, 142 S. Ct. at 2429. The difference between the two tests is not implicated by this matter, however, because in this case, Plaintiffs offer no well-pled facts of any religious activity imposed by the government at all. *Ervins v. Sun Prairie Area Sch. Dist.*, 609 F. Supp. 709, 725 (W.D. Wis. 2022) (*Fleischfresser v. Dirs. of Sch. 200*, 15 F.3d 680, 683 (7th Cir. 1994) (considering whether plaintiffs could show the challenged curriculum was "religious")).

(7th Cir. 2018). Similarly, no well-pled facts in the Complaint point to any act of a religious nature by Penn-Harris-Madison.

        b.   *Plaintiffs' religious disagreement with evolution does not render the theory "religious."*

Plaintiffs repeatedly assert that the teaching of evolution is inconsistent with their faith beliefs. But one person's offense does not equate to religious coercion. *Kennedy*, 142 S. Ct. at 2430 (quoting *Town of Greece v. Galloway*, 452 U.S. 565, 589 (2014)). Rather, the Establishment Clause "forbids alike the preference of a religious doctrine" as well as "the prohibition of [a] theory which is deemed antagonistic to a particular dogma." *Epperson v. Ark.*, 393 U.S. 97, 106-07 (1968). Thus a conflict between Indiana's 9th grade biology standards and Plaintiffs' religious beliefs is not grounds for finding the public school science curriculum violates the Establishment Clause. *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 76 (2d Cir. 2001) (stating "the Establishment Clause does not prohibit teaching about a doctrine, such as evolution, merely because it conflicts with the beliefs of a religious group"). To find otherwise would subject every secular government act in conflict with an individual's religious belief to invalidation on Establishment Clause grounds, a result that would turn the doctrine on its head.

        c.   *To the extent the teaching of the theory of evolution in accordance with the Indiana 9th grade biology guidelines is consistent with atheism, such consistency does not render the Indiana guidelines atheist, religious, or anti-religious.*

Even accepting as true Plaintiffs' argument that atheism is congruent with the theory of evolution, such congruence does not render the Indiana 9th grade biology guidelines religious. *Harris v. McRae*, 448 U.S. 297, 319 (1980); *Altman*, 245 F.3d at 76 (citing *Edwards v. Aguillard*, 482 U.S. 578, 593 (1987)); *Aguillard*, 482 U.S. at 615-16 (Scalia, J., dissenting) (stating "we will not presume that a law's purpose is to advance religion merely because it

18

'happens to coincide or harmonize with the tenets of some or all religions'");[4] *Crowley*, 636 F.2d at 742-43. The teaching of a principle that coincides with a religious view does not render the principle religious. For example, a school may teach children they should not steal. But that lesson is not rendered religious just because it accords with the Ten Commandments. And the Supreme Court has observed that the theory of evolution does not, on its own, preclude religious belief. *Aguillard*, 482 U.S. at 591 n.11. Plaintiffs have pointed to no part of the Indiana 9th grade biology guidelines that declare faith, speak to the existence or non-existence of God, or otherwise impose religion.

> ### d. The Court need not credit Plaintiffs' legal conclusions or conclusory arguments.

However sincere, Plaintiffs' arguments that the Indiana 9th grade biology guidelines impose religion are conclusory. To survive dismissal, a plaintiff must assert "more than labels." *Twombly*, 550 U.S. at 556. The Court need not credit "threadbare recitals of the elements of a cause of action" nor "conclusory statements" or "legal conclusions." *Iqbal*, 556 U.S. at 678; *McCauley*, 671 F.3d at 616; *Reinoehl*, No. 3:21-cv-608, 2021 WL 8650620, at *1 ("Rather than argument, a complaint must contain sufficient *facts* to 'state a claim that is plausible on its face.") (emphasis in original) (quoting *Twombly*, 550 U.S. at 570).

Plaintiffs' objections to the teaching of the theory of evolution in accordance with the Indiana guidelines are akin to the plaintiffs' curricular objections rejected by the Seventh Circuit in *Fleischfresser*. 15 F.3d at 688. In *Fleischfresser*, the Seventh Circuit rejected parents' arguments that an elementary school reading series violated the Establishment Clause. *Id*. The parents claimed the series' tales of fantasy imposed on their children secular humanism

---

[4] Though *Aguillard* relied in significant part on *Lemon*, it has not been overruled and thus controls. *See Grayson v. Schuler*, 666 F.3d 450, 453 (7th Cir. 2012). And in any case, *Aguillard* is not cited in this brief for any proposition relying on *Lemon*.

inconsistent with Christianity. *Id*. at 683. The Seventh Circuit declined to accept the parents'
efforts to label the secular series as religious teaching. A court will commonly credit a plaintiff's
recitation of her own religious views, the court explained. But a plaintiff's speculative and
conclusory allegation that "others are imposing some amorphous religious philosophy" with
which they disagree is "incongruent" with recognized relief under the Establishment Clause. *Id*.
at 688. Just as in *Fleischfresser*, Plaintiffs characterize the 9th grade biology guidelines as an
"amorphous religious philosophy" with which they disagree. Their conclusory and speculative
arguments are similarly inadequate to assert an Establishment Clause violation. Parents "raise a
constitutional claim only if the use of the" challenged curriculum "establishes a *religion*." *Id*.
(italics in original).

 Numerous other courts have held, even at the dismissal stage, a court need not accept
plaintiffs' subjective beliefs or conclusory arguments. *Iqbal*, 556 U.S. at 679 (cited by
*Christopher v. Lawson*, 358 F. Supp. 3d 600, 612 (S.D. Tex. 2019) (dismissing plaintiffs'
Establishment Clause challenge to a drag-related public library event; plaintiffs' conclusory
statements casting the event as secular humanism were not entitled to deference and could not be
taken as true); *COPE*, 821 F.3d at 1220-21 (dismissing Establishment Clause challenge to
Kansas education standards on the teaching of evolution; plaintiffs' "threadbare assertions" and
conclusions that the standards sought to impose an anti-religious world view were insufficient to
show a plausible claim); *Joseph v. Becerra*, No. 22-cv-40, 2022 WL 17262231, at *3 (W.D. Wis.
Nov. 2022) (dismissing Establishment Clause claim asserting local masking requirements
imposed a religion; "[a]though couched in religious terms . . . plaintiff's Establishment Clause
claims boil down to defendants allegedly making policy decisions based on evolving scientific
data to which not all experts necessarily agree, not establishing a religion," and so dismissal was

warranted "to weed out spurious Establishment Clause 'religions' on grounds of common sense").

Plaintiffs' assertions in this case mirror those rejected by the Ninth Circuit in *Peloza v. Capistrano Unif. Sch. Dist.*, 37 F.3d 517, 519 (9th Cir. 1990). The duty to accept well-pled facts as true did not, the court observed, require crediting the plaintiff's characterization of the theory of evolution as somehow religious. *Id*. at 519, 521. The court wrote:

> Peloza would have us accept his definition of "evolution" and "evolutionism" and impose his definition on the school district as its own, a definition that cannot be found in the dictionary, in the Supreme Court cases, or anywhere in the common understanding of the words. Only if we define "evolution" and "evolutionism" as does Peloza as a concept that embraces the belief that the universe came into existence without a Creator might he make out a claim. This we need not do. To say red is green or black is white does not make it so. Nor need we for the purposes of a 12(b)(6) motion accept a made-up definition of "evolution."

*Id*. at 521 (dismissing teacher's Establishment Clause claim because evolution is not a religion). Similarly this Court need not accept Plaintiffs' conclusory assertions attempting to label the Indiana 9th grade biology curriculum as religious.

> e.  *Plaintiffs' claim fails because the teaching of the theory of evolution does not violate the Establishment Clause.*

Accordingly, Plaintiffs' have failed to assert well-pled facts asserting the Indiana 9th grade biology guidelines impose religious coercion, as required to show an Establishment Clause violation by the Supreme Court's decision in *Kennedy*. 142 S.Ct. at 2429. Additionally, plaintiffs' claims are against the weight of Establishment Clause authority. In 1968, the Supreme Court held in *Epperson v. Arkansas* that a government-imposed prohibition on the teaching of evolution in public schools – the exact remedy plaintiffs seek – is a violation of the Establishment Clause. 393 U.S. 97, 106-09 (1968). From the Fifth Circuit to the Ninth Circuit,

other courts have agreed. *Wright v. Houston Indep. Sch. Dist.*, 486 F.2d 137, 138 (5th Cir. 1973); *Peloza*, 37 F.3d at 521-22.

Plaintiffs' Establishment Clause claims are not plausible. Unlike coerced school prayer in *Lee* or *Santa Fe*, the Indiana 9th grade biology standards impose no religious exercise. *Lee*, 505 U.S. at 586; *Santa Fe*, 530 U.S. at 290. Accordingly, Plaintiffs' Count I must be dismissed. Additionally, dismissal would accord due weight to the modest discretion public schools necessarily hold in curricular decisions. *Edwards v. Aguillard*, 582 U.S. 578, 583 (1987) (acknowledging schools have "considerable discretion" in fashioning curriculum). To permit Plaintiffs' conclusory claims to proceed would undermine the Establishment Clause, encouraging federal court challenges to every curricular item disfavored by a litigant. *See, e.g., Wright*, 486 F.2d at 138 (affirming dismissal of plaintiffs' Establishment Clause challenge to teaching of evolution; to find otherwise would impose an "unwarranted intrusion into the authority of public school systems to control the academic curriculum," encouraging specious legal challenges). As observed by *Fleischfresser*, "[i]f we are to eliminate everything that is objectionable to any [religious group] or inconsistent with any of their doctrines, we will leave public schools in shreds. Nothing but educational confusion and a discrediting of the public school system can result from subjecting it to constant law suits." 582 U.S. at 688 (quoting *McCollum v. Bd. of Educ.*, 333 U.S. 203, 235 (1948) (Jackson, J., concurring)). Plaintiffs' Count I should be dismissed.

## VI.    Plaintiffs' Claim Under Article I, Section 3 of the Indiana Constitution Should Be Dismissed.

Plaintiffs next claim that the Indiana 9th grade biology guidelines violate Art. I, Section 3 of the Indiana Constitution "both facially and as applied." [Dkt. 1, ¶¶ 107-08] Focused as it is on Indiana's guidelines, this action appears to be an action against defendants other than Penn-

Harris-Madison. Count II must be dismissed because it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

    A.  <u>Plaintiffs' claims under the Indiana Constitution must be dismissed because no such private right of action is recognized by Indiana law.</u>

To the extent Plaintiffs' claim in Count II alleges an action against Penn-Harris-Madison for violation of the Indiana Constitution, [Dkt. ¶¶ 107, 108, Part V], such claims must be dismissed. The Indiana Constitution does not, by its plain language, provide any specific remedy for the violations of rights under the Indiana Constitution. And "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." *Smith v. Ind. Dep't of Correction*, 871 N.E.2d 975, 985-86 (Ind. 2007) (granting motion to dismiss plaintiff's claims, including claims under Article I, Section 3 of the Indiana Constitution); *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014). Accordingly, such claim fails to state a claim on which relief may be granted and should be dismissed.  Ind. R. Civ. P. 12(b)(6).[5]

    B.  <u>Plaintiffs' claims under the Indiana Constitution should be dismissed because such claims do not challenge any "law."</u>

Plaintiffs assert in Count II that the teaching of evolution in accordance with the IDOE 9th grade biology guidelines violates Article I, Section 3 of the Indiana Constitution. Plaintiffs' Count II fails, because their claim challenges no "law" controlling free exercise or religious opinion or interfering with a belief protected under the right of conscience.

In interpreting the Indiana Constitution, courts are guided by text and history of the document. *City Chapel Evangelical Free Inc. v. City of S. Bend ex rel. Dep't of Redevelopment*,

---

[5] Alternatively, Penn-Harris-Madison argues that such claims are time-barred, for the same reasons discussed with respect to the Establishment Clause in section V.B. above. Ind. Code § 34-11-2-4; *see, e.g., Sanders v. Ind. Dept. of Corr.*, 2006 WL 3254532, at *2 (Nov. 9, 2006) (applying statute of limitations for suits against state as public employer applied to actions under the Indiana Constitution). Fairness demands courts apply the same statute of limitations where plaintiff has sought federal court jurisdiction.

744 N.E. 2d 443, 447-48 (Ind. 2001). The current version of Article I, Section 3 was amended in 1851 after no debate and by a unanimous vote. *Embry v. O'Bannon*, 798 N.E.2d 157, 161 (Ind. 2003). Article I, Section 3 of the Indiana Constitution provides: "No law shall, in any case whatever, control the free exercise and enjoyment of religious opinions, or interfere with the rights of conscience." Ind. Const. art. I §3 (1851). The 1851 iteration amended a prior version enacted in 1816, the operative provision of which read: "*That no human authority* can, in any case whatever, control or interfere with the rights of conscience." Ind. Const. of 1816 art. I, §3 (emphasis added); *City Chapel*, 744 N.E. 2dat 447 n.5. While the Indiana Constitution of 1816 applied the provision's limitation to all "human authority," the Indiana Constitution (1851) specifically modified such language, applying its limitation instead to a "law." Construing the plain language of the provision with its history, Article I, Section 3 applies to laws, not to a public school corporation's internal curricular decisions. No Indiana case has held otherwise.

Plaintiffs' action against Penn-Harris-Madison pleads no challenge against any law. Such claims must be dismissed.

C. <u>Plaintiffs' facial challenge to the teaching of evolution against Penn-Harris-Madison under Article I, Section 3 of the Indiana Constitution fails because there are circumstances in which such action may be constitutionally applied</u>.

Plaintiffs' assert future teaching in accordance with Indiana's 9th grade biology guidelines is facially unconstitutional under Article I, Section 3 of the Indiana Constitution. [Dkt. 1, ¶ 101] "When a party claims that a statute is unconstitutional on its face, the claimant assumes the burden of demonstrating that there are *no* set of circumstances under which the statute can be constitutionally applied."[6] *Clinic for Women, Inc. v. Brizzi*, 837 N.E.2d 973, 980 (Ind. 2005) (emphasis added) (quoting *Baldwin v. Reagan*, 715 N.E.2d 332, 337 (Ind. 1999)). Where there

---

[6] Count II does not challenge any Penn-Harris-Madison policy. However, even assuming for the sake of argument that it does, Plaintiffs' facial challenge does not state a claim on which relief can be granted.

are *any* circumstances that under which a challenged law might be constitutional, a facial challenge must fail. *Id.* (affirming dismissal of plaintiffs' facial challenge). As explained in section V.C. above in reference to Plaintiffs' Establishment Clause claim, this Court need not credit Plaintiffs' conclusory allegations that the teaching of the IDOE 9th grade biology guidelines as religious or as hostile to religion.[7] *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 678; *McCauley*, 671 F.3d at 616. Even under the account of the well-pled facts in Plaintiffs' complaint, it could not be said that all teaching of the theory of evolution in accordance with the Indiana's 9th grade biology guidelines violates Article I, Section 3 for all students, all schools, all the time.

> D. <u>The teaching of the theory of evolution in accordance with the IDOE 9th grade biology guidelines does not impose a material burden on religious exercise, belief, or on conscience.</u>

As applied, the Indiana's guidelines violate Article I, Section 3 only if they impose a "material burden" on the "core values" embodied in that provision. *Brizzi*, 837 N.E.2d at 978, 982; *Kluge v. Brownsburg Cmty. Sch. Corp.*, 432 F. Supp. 3d 823, 850 (S.D. Ind. 2021) (dismissing action under Article I, Section 3 of the Indiana Constitution) (citing *State v. Econ. Freedom Fund*, 959 N.E.2d 792, 807 (Ind. 2011)). The "material burden" standard demonstrates that rights under Art. I, Section 3 are not absolute. *Id.* Rather, "[w]hile it prohibits government interference with religious liberty, the Indiana Constitution also affirmatively recognizes the state's police power." *City Chapel*, 744 N.E.2d at 446.

Significantly, along with the rights articulated in Article I, Section 3, the Indiana Constitution established a common school system:

---

[7] Further, Plaintiff has similarly failed to aver facts that would demonstrate any unconstitutional "appropriation of state funds for the purpose of sectarian education." [*See* Dkt. 1, ¶ 107] As demonstrated in section V.C.2.c. above, the Indiana guidelines impose no religious philosophy, and therefore, do not advance sectarian education.

> Knowledge and learning, generally diffused throughout a community, being essential to the preservation of a free government; it shall be the duty of the General Assembly to encourage, by all suitable means, moral, intellectual, scientific, and agricultural improvement; and to provide, by law, for a general and uniform system of Common Schools, wherein tuition shall be without charge, and equally open to all.

Ind. Const. art. I, § 8. Article I, Section 3 of the Indiana Constitution must be read in harmony with the state's interest in protecting the exercise of legitimate school powers and duties. *Kluge*, 432 F. Supp. 3d at 851. Schools have a duty to direct the curriculum, encouraging student "intellectual, scientific, and agricultural improvement." *See e.g., Klaasen v. Trs. of Ind. Univ.*, 7 F.4th 592, 593-94 (7th Cir. 2021) (citing *Fleischfresser*, 15 F.3d at 687); *Kluge*, 432 F. Supp. at 451 (citing cases). Reading these provisions together, Plaintiffs' action cannot state a claim on which relief can be granted under the Indiana Constitution.

Comparison to an Indiana case demonstrates the leap of Plaintiffs' claim. In *Gul v. City of Bloomington*, the court rejected a plaintiff's assertion that Bloomington's lawn mowing ordinance violated his rights of conscience. 22 N.E.3d 853, 858 (Ind. Ct. App. 2014). Gul's environmental beliefs were not religious, the court observed, and in any case, the right to believe does not absolve one from the duty to comply with local regulations. *Id*. Plaintiffs here go further than Gul, arguing that because the Indiana guidelines conflict with their religious beliefs, public schools must be barred from teaching *any* student in accordance with such guidelines. If the plaintiff in *Gul* could not use Article I, Section 3 as a shield from a secular ordinance, Plaintiffs may not logically use that same provision to force public schools to follow their religious doctrine.

Thus even accepting as true Plaintiffs' religious objections to the Indiana 9th grade biology guidelines, Plaintiffs have not stated a claim on which a court may grant relief under the Indiana Constitution. Their claim must be dismissed in its entirety.

**VII.** **Alternatively, To The Extent Any Claims Remain, And To The Extent Secretary Jenner Does Not Represent All Indispensable Parties, This Court Should Dismiss Plaintiffs' Complaint for Failure to Add an Indispensable Party.**

As discussed in Part V.A. above, Plaintiffs' Counts I and II challenge the constitutionality of Indiana's 9th grade biology guidelines. [Dkt. 1, ¶¶ 100-108] Defendant Penn-Harris-Madison is a political subdivision that does not govern the Indiana guidelines, but is subject to them. *See* Ind. Code §§ 20-16-2-16; 20-18-2-18.1; 20-18-2-3; 20-18-2-5; 20-18-2-13.5; 20-18-2-19; 20-19-2-14.5; 20-26-5-4; 20-30-5-7(a)(4); 20-31-3-1; 20-31-3-2; 20-31-3-6. Plaintiffs seek various remedies in this action, all of which should be dismissed in their entirety. [Dkt. 1, ¶¶ 100-108] But one or more of Plaintiffs' requests for relief, if granted, poses a substantial risk of subjecting Penn-Harris-Madison to hardship in this action, such as the risk of inconsistent obligations under the law, for example. *Cf*. Dkt. 1, ¶¶ 100-108 (seeking to enjoin the teaching in accordance with the Indiana guidelines); Ind. Code § 20-31-3-6 (duty to provide an academic program that complies with Indiana's academic standards).  Secretary Jenner has appeared in this matter, but has not yet filed a responsive pleading or motion. [Dkt. 13 & 16] To the extent Secretary Jenner does not represent all other indispensable parties, and/or to the extent Secretary Jenner is not a proper party to this action, Defendant Penn-Harris-Madison moves for dismissal of Plaintiffs' Complaint under Rule 12(b)(7) for failure to join an indispensable party. *Extra Equipmentos E Exportacao LTDA, et al. v. Case Corp*., 361 F.3d 359, 361 (7th Cir. 2004). At present, such a motion may be premature. *See Sakelaris v. Danilokas*, 2006 WL 2644948, at *4 (N.D. Ind. Sept. 14, 2006).  But construing at this early stage of litigation Plaintiffs' detailed pro se complaint, such motion serves to meet Penn-Harris-Madison's duty to advance its Rule 12 arguments in a timely manner.

**VIII.** **Alternatively, To The Extent Any Claims Remain, This Court Should Strike Various Paragraphs of Plaintiffs' Pleading**.

Federal courts apply the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. They have "the inherent power and constitutional obligation to protect their jurisdiction from conduct [that] impairs their ability to carry out Article III functions." *Reinoehl v. Ctrs. for Disease Control and Prevention*, No. 2:21-cv-608, 2021 WL 8650620, at *1 (N.D. Ind. Nov. 8, 2021), *aff'd* No. 22-1401, 2022 WL 14461946 (7th Cir. Oct. 25, 2022), *reh'ing en banc denied Reinoehl v. Ctrs. for Disease Control and Prevention*, 2022 WL 17366496 (Dec. 1, 2022), *cert. denied Reinoehl v. Ctrs. for Disease Control and Prevention*, 2023 WL 3604668 (June 5, 2023)(quoting *In re McDonald*, 489 U.S. 180, 184 n.8 (1989)).

Though "pro se litigants are entitled to lenience in their filings, they still must follow court orders and procedural rules." *Reinoehl v. Ctrs. for Disease Control and Prevention*, No. 22-1401, 2022 WL 14461946, at *2 (7th Cir. 2022) (citing *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008)). The Plaintiffs' pleading is replete with arguments and conclusions. "Rather than argument, a complaint must contain sufficient *facts* to 'state a claim that is plausible on its face.'" *Reinoehl*, 2021 WL 8650620 (emphasis in original) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 requires a pleading to assert "a short and plain statement of the claim," stating allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2),(d). Thus, a plaintiff must articulate claims in a reasonably straightforward manner so that the case can proceed. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.") (quoted by *Reinoehl v. Ctrs. For Disease Control and Prevention*, 2022

WL 483741, at *3 (N.D. Ind. Feb. 16, 2022)). Where a plaintiff fails to meet the expectations of proper pleading, dismissal may be warranted. *Reinoehl*, 2021 WL 14461946, at *1 (striking plaintiffs' brief) (quoting *Davis v. Anderson*, 718 Fed. Appx. 420, 424 (7th Cir. 2017)).

Further, Plaintiffs' pleading includes assertions on immaterial and impertinent matters. The court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter" on its own or in response to a party's motion. Fed. R. Civ. P. 12(f); *see, e.g., Reinoehl*, 2021 WL 8650620, at *1. Motions to strike are disfavored where they lead to mere delay. *Crowder v. Foster Wheeler, LLC*, 265 F.R.D. 368 (S.D. Ind. 2009). But they are appropriate where they reduce unnecessary clutter and expedite the matter. *Heller Financial v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989). A pleading or a portion thereof may be stricken "on the ground that they are so complex or lengthy that they place an undue pleading and case preparation burden on the responding party and interfere with the district judge's ability to sharpen and refine the case." Wright & Miller, *Federal Practice & Procedure* § 1382. The decision to strike material is within the broad discretion of the Court. *Talbot v. Robert Mathews Distrib. Co.*, 961 F.2d 654, 655 (7th Cir. 1992) (cited by *Parker v. Rockies Exp. Pipeline, LLC*, No. 1:11-cv-0139, 2012 WL 4762138, at *2 (S.D. Ind. Oct. 5, 2012). Striking these portions of Plaintiffs' pleading would reduce unnecessary clutter and expedite this matter:

- The following paragraphs or significant portions thereof assert redundant, immaterial, or impertinent information on a wide range of topics, including but not limited to: atheists and atheism [Dkt. 1, ¶¶ 14, 28, 29, 32, 34, 60, 65, 69, 72, 82, 90-92, 94 (third sentence), 96, 97], indoctrination of scientists [*Id.*, ¶ 16] , testability of the question as to whether there is life on other planets [*Id.*, ¶ 19] or whether another universe surrounds our own [*Id.*, ¶ 20] , the god Gaia (*Id.*, ¶ 21, 74), Hershey & Chase's research on DNA [*Id.*, ¶ 23], impact of non-nutritive sweeteners on weight loss and obesity [*Id.* ¶ 24.], Newton's Law [*Id.*, ¶¶ 28, 30], rate of expansion of the universe [*Id.*, ¶ 29, observations from the Hubble telescope [*Id.*, ¶ 30], the cosmic microwave background [*Id.*, ¶ 32], the Third Law of Motion [*Id.*, ¶ 33], whether it is possible to go back in time and observe the creation of the universe [*Id.*, ¶ 34], the work of Louis Pasteur [*Id.*, ¶ 36-38], geological methods of dating [*Id.*, ¶ 40-43], algae mats [*Id.*, ¶ 47], the fossil records [*Id.*, ¶ 48, 78], coelecanths [*Id.*, ¶¶ 49-50], whether scientists adhere to

the definition of the term "species" [*Id.*, ¶ 53-55, 59, 89], dinosaur fossils [*Id.*, ¶ 54], Peromyscus critinus [*Id.*, ¶ 56], whether lions and tigers can produce fertile offspring [*Id.*, ¶ 57], whether a dog cross bred between a Palmeranian and a Husky can be found in the wild [*Id.*, ¶ 58], "spontaneous abortion" [*Id.*, G., ¶ 62-63], college science classes [*Id.*, ¶ 64], the taxonomic relationships between platapuses and ducks [*Id.*, ¶ 67], the relationship between semi-trucks and houses [*Id.*, ¶ 71], whether students are ever asked to determine the statistical likelihood of about 2.7 million DNA nucleotides floated together in the estimated 321,003,271 cubic mile ocean in a way that was meaningful to conducting life for a cyanobacteria [*Id.*, ¶ 71], giant pandas [*Id.*, ¶ 76], the heritability of lung cancer [*Id.*, ¶ 76], Thales [*Id.*, ¶ 83], eugenics [*Id.*, ¶ 94], and confirmation bias [*Id.*, ¶ 98].

- The following paragraphs cite or describe legal citations, which are immaterial or impertinent in a Pleading and violate the Court's form instructions [*Id.*, ¶ 52, 86-88]. *See Reinoehl*, 2022 WL 14461496, at *2.

Accordingly, to the extent any claims remain, Penn-Harris-Madison requests this Court strike

such material from Plaintiffs' pleading to expedite this matter and permit response.

CONCLUSION

For the foregoing reasons, Plaintiffs' claims must be dismissed in their entirety. In the

alternative, to the extent the Court deems any claims survive, all redundant, immaterial,

impertinent provisions of Plaintiffs' Complaint should be stricken.

Respectfully submitted,

CHURCH CHURCH HITTLE + ANTRIM

*/s/ Amy Steketee Fox*
Amy Steketee Fox (25112-53)
CHURCH CHURCH HITTLE + ANTRIM
Central Building, Suite 402
203 W. Wayne St
Fort Wayne, Indiana 46802
Phone: 260-399-9490
Fax: 260-399-9491
afox@cchalaw.com

*/s/ Hannah B. Gahimer*
Hannah B. Gahimer (37630-41)
CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201

Fishers, IN  46038
Phone: 317-773-2190
Fax: 317-773-5320

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of July 2023, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Jennifer J. Reinoehl
Jason Reinoehl
Sarah Reinoehl
51860 Cheryl Dr.
Granger, IN 46530
commercialsonly@juno.com

Dr. Katie Jenner
Indiana Secretary of Education
100 N. Senate Avenue, 9th Floor
Indianapolis, IN  46204

Amy Steketee Fox
Amy Steketee Fox #25112-53

31