UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER REINOEHL, JASON REINOEHL, and SARAH REINOEHL, <br><br> Plaintiffs, <br><br> v. <br><br> PENN-HARRIS-MADISON SCHOOL CORPORATION, PEN-HARRIS-MADISON SCHOOL BOARD, and KATE JENNER, in her official and individual capacity, <br><br> Defendants. | Civil No.: 1:23-CV-00889-SEB-MG |

## DEFENDANT KATE JENNER'S MOTION TO DISMISS

Defendant Kate Jenner hereby requests that this Court dismiss Plaintiffs' action as this Court does not have jurisdiction to hear Plaintiffs' claims, and they have failed to state a claim for which relief may be granted. In further support of this Motion, Ms. Jenner states as follows:

### Background

1. According to their Complaint, Plaintiffs Jennifer, Jason, and Sarah Reinoehl live within the Penn-Harris-Madison School Corporation public school district.

2. Jennifer and Jason Reinoehl are parents of Jason Reinoehl II, Samuel Reinoehl, Sarah Reinoehl, L.R., and T.R.

3. Sarah Reinoel was a ninth grade student (the age at which the Reinoehls claim evolution is taught) during the 2018-2019 school year, and L.R. was a ninth grade student during the 2019-2020 school year. T.R. is currently too young to attend high school.

4. The Reinoehls do not allege that Jason Reinoehl II or Samuel Reinoehl, who are not independent parties to this Complaint, are either in high school currently or will be in high school in the future.

5. The Reinoehls now challenge the teaching of evolution in the ninth grade. They request declaratory and injunctive relief based on the allegation that the teaching of evolution in their school district in ninth grade violates the Establishment Clause of the First Amendment to the United States Constitution and Article I, Section 3 of the Indiana Constitution. They have requested damages under 42 U.S.C. § 1983.

6. Under Federal Rule of Civil Procedure 12(b)(1), a case should be dismissed when the Court lacks subject matter jurisdiction. "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case[.]" *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014)." "In the context of a motion to dismiss for lack of subject matter jurisdiction, [the court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff[.]" *Id.* However, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Id.* at 589.

7. Under Federal Rule of Civil Procedure 12(b)(6), a case should be dismissed if the complaint fails "to state a claim upon which relief can be granted." When addressing a motion to dismiss under Rule 12(b)(6), "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only "a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

6. The Court should dismiss the Reinoehls' Complaint as it lack subject matter jurisdiction. Specifically,

A. The Plaintiffs lack standing. In order to have standing, the Reinoehls must be able to show imminent harm. *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 344 (7th Cir. 2018) (quoting *Dunnet Bay Const. Co.*, 799 F.3d at 688) (internal quotation marks omitted) (stating that a plaintiff must allege the "invasion of a legally protected interest which is . . . concrete and particularized, and . . . actual or imminent"). Sarah Reinoehl does not have imminent harm that may be redressed by injunctive relief because she has already completed her ninth grade education. Nor do Jason and Jennifer Reinoehl have standing to raise claims on behalf of their other children as they are pro se litigants. *Georgakis v. Ill. St. Univ.*, 722 F.3d 1075 (7th Cir. 2013). In addition, they do not have standing because T.R. is not old enough for high school, and it is speculative whether he will even be in the school district for ninth grade. *See Fleischfresser v. Dirs. of Sch. Dist. 200*, 15 F.3d 680, 683-4 (7th Cir. 1994) (stating that parents may have standing to challenge establishment clause violations in the school their children presently attend).

B. Sarah Reinoehl's claims are moot because she has already received her education on evolution and cannot demonstrate that she plans to imminently take the ninth grade again. *Jordan by and through Jones v. Ind. High Sch. Athletic Ass'n*, 16 F.3d 785 (7th Cir. 1999) (finding plaintiff's Indiana constitutional claims moot after the student graduated high school).

C. Even if the Reinoehls could raise a claim on behalf of T.R., such a claim would not be ripe as T.R. is not enrolled in ninth grade or been harmed by

an education regarding evolution. *See Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992) ("Cases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts.").

7. The Reinoehls have failed to raise a claim for which relief may be granted. Specifically:

   A. The Supreme Court has held that teaching evolution does not violate the First Amendment of the United States Constitution. *See Epperson v. State of Ark.*, 393 U.S. 97, 104-105 (1968); *see also Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 76 (2d Cir. 2001)("[T]he establishments Clause does not prohibit teaching about a doctrine, such as evolution, merely because it conflicts with the beliefs of a religious group.").

   B. Ms. Jenner has not violated Plaintiffs rights under Article 1, Section 3 of the Indiana Constitution because Article 1, Section 3 applies to laws, and the ninth grade curriculum is not a law. *See* Ind. Const. art. I, § 3 ("No *law* shall, in any case whatever, control the free exercise and enjoyment of religious options, or interfere with the rights of conscience.") In addition, the Indiana guidelines do not impose a "material burden" on the "core values" embodied in Article I, Section 3 as required for a violation. *Kluge v. Brownsburg Cmty. Sch. Corp.*, 432 F.Supp.3d 823, 850 (S.D. Ind. 2021). Finally, "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." *Smith v. Ind. Dep't Correction*, 871 N.E.2d 975, 985-86 (Ind. 2007).

C. Plaintiffs are barred from raising their claims under 42 U.S.C. § 1983 as the statute of limitations to raise a Section 1983 claim is two years, and it has been more than two years since Sarah Reinoehl took 9th grade science. *Miles v. Vanderburgh Cty. Jail*, 335 Fed. Appx. 633, 635 (7th Cir. 2009). Sarah Reinoehl took 9th grade biology in the 2018-2019 school year, and L.R. took 9th grade biology in the 2019-2020 school year.

D. Kate Jenner, in her official capacity, is not a "person" to whom 42 U.S.C. § 1983 applies. *See* 42 U.S.C. § 1983; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (stating that a state is not a "person" subject to suit under section 1983 because the "Eleventh Amendment bars such suits unless the state has waived its immunity" and that an action against a state official in their official capacity is "not a suit against the official but rather is a suit against the official's office… As such, it is no different from a suit against the State itself")

E. Plaintiffs have not demonstrated that Kate Jenner was personally involved in their ninth grade curriculum, as required for liability in her individual capacity. *See Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) (stating that personal liability under Section 1983 must be based on "personal involvement in the alleged constitutional violation").

F. Even if Plaintiffs had demonstrated Kate Jenner's personal involvement in the ninth grade curriculum, she has qualified immunity for personal liability.

8.  Ms. Jenner is contemporaneously filing a Memorandum in Support of this Motion to Dismiss, and she hereby incorporates the arguments made in that Memorandum into this Motion by reference.

WHEREFORE, Defendant Kate Jenner respectfully requests that the Court dismiss Plaintiffs claims under either Federal Rule of Civil Procedure 12(b)(1) or (6).

    Respectfully submitted,

    THEODORE E. ROKITA
    Attorney General of Indiana
    Atty. No. 18857-49

By:   */s/ Meredith McCutcheon*
    Meredith McCutcheon
    Deputy Attorney General
    Attorney No. 32391-49
    OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
    Indiana Government Center South, 5th Floor
    302 West Washington Street
    Indianapolis, IN 46204-2770
    Telephone: (317) 233-9357
    Facsimile: (317) 232-7979
    E-mail: Meredith.McCutcheon@atg.in.gov