# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER REINOEHL, JASON REINOEHL, and SARAH REINOEHL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No.: 1:23-CV-00889-SEB-MG ) |
| PENN-HARRIS-MADISON SCHOOL CORPORATION, PEN-HARRIS-MADISON SCHOOL BOARD, and KATIE JENNER, in her official and individual capacity, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANT KATIE JENNER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants Penn-Harrison-Madison School Corporation and Penn-Harris-Madison School Board have submitted a thorough brief in support of dismissal on several grounds that Defendant Katie Jenner has also raised in her Motion to Dismiss. Specifically, Plaintiffs have not filed claims for which relief may be granted because they lack standing, because their claims are unripe and moot, because they are past the statute of limitations to seek damages under 42 U.S.C. § 1983, because the Supreme Court has held that teaching evolution does not violate the First Amendment to the United States Constitution, and because teaching evolution does not violate Article 1, Section 3 of the Indiana Constitution. As these issues have been so thoroughly addressed in the brief already before the Court, Katie Jenner will not reiterate the arguments made by the Penn-Harrison-Madison School Corporation and Board. Instead, she joins their reasoning in support of these grounds for dismissal and incorporates them into this Memorandum by reference. However,

in addition to these grounds, the Court should also dismiss Plaintiffs' claim for damages against Katie Jenner as she is not a "person" to whom 42 U.S.C. § 1983 applies and because she has qualified immunity for Plaintiffs' claims against her in her individual capacity.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a case should be dismissed when the Court lacks subject matter jurisdiction. "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case[.]" *Center for Dermatology & Skin Cancer, Ltd. V. Burwell* , 770 F.3d 586, 588 (7th Cir. 2014)." "In the context of a motion to dismiss for lack of subject matter jurisdiction, [the court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff[.]" *Id.* However, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Id.* at 589.

Under Federal Rule of Civil Procedure 12(b)(6), a case should be dismissed if the complaint fails "to state a claim upon which relief can be granted." When addressing a motion to dismiss under Rule 12(b)(6), "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Only "a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Motions to dismiss brought on the basis that a state or state agency is protected from suit by the Eleventh Amendment may be brought under Rule 12(b)(6). *See*, *e.g.*, *Joseph v. Bd. of Regents of Univ. Wisc. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005) (affirming dismissal for failing to state a claim upon which relief

can be granted because university's Board of Trustees constituted an arm of the state entitled to Eleventh Amendment immunity from suit in federal court).

## ARGUMENT

In addition to the arguments that have already been briefed in the Penn-Harris-Madison School Corporation and Boards' brief, which are incorporated herein by reference, the Court should also dismiss Plaintiffs' request for retrospective relief and damages against Katie Jenner because Plaintiffs may not bring a claim against her in her official capacity under 42 U.S.C. § 1983, Plaintiffs have failed to plead that she was personally involved in determining the ninth grade curriculum, and she has qualified immunity in her individual capacity.

### 1.     Plaintiffs may not raise a claim for retrospective relief against Katie Jenner under Section 1983.

First, the Court should dismiss Plaintiffs' request for retrospective relief and damages against Katie Jenner as she is not a "person" as defined by the Section 1983 statute and, thus, Plaintiffs cannot request damages under the Section 1983 statute. 42 U.S.C. § 1983 provides:

> Every *person* who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(Emphasis added). Section 1983 is what gives individuals a private right of action for constitutional violations against persons acting under the color of state law. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

Critically, only a "person" may be liable for a deprivation of someone's rights under the U.S. Constitution. Section 1983 does not contemplate liability against a state. A state is not a "person" subject to suit under section 1983 because the "Eleventh Amendment bars such suits

unless the state has waived its immunity." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (also stating "the doctrine of sovereign immunity is one of the well-established common-law immunities and defenses that Congress did not intent to override in enacting § 1983"). While Katie Jenner is an individual, an action against a state official in their official capacity is "not a suit against the official but rather is a suit against the official's office… As such, it is no different from a suit against the State itself." *Id*. The only exception to this immunity is that an individual may seek *prospective* relief against an official for ongoing violations of federal law. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 294 (1997).

Because Ms. Jenner's actions in her official capacity as Indiana Secretary of Education are equivalent to actions of the state, Plaintiffs may not raise any retrospective claims against her, including any claims for damages. These claims should be dismissed.

### 2. Ms. Jenner has qualified immunity for actions in her individual capacity.

Likewise, the Court should dismiss Plaintiffs' claims for damages against Ms. Jenner in her individual capacity as she has qualified immunity for her actions. Under the principles of qualified immunity, government officials "'are not subject to damages liability for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993)). In resolving a motion to dismiss based on qualified immunity, "'a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of the defendant's alleged conduct.'" *Id.* (quoting *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011)). In order for the law to be clearly established, "there must a Supreme Court [] decision on point, or the clearly

established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.* (internal quotation omitted). Personal liability under Section 1983 must be based on "personal involvement in the alleged constitutional violation." *Id.* at 1163 (internal quotation omitted).

The Plaintiffs have failed to plead that Katie Jenner has committed a constitutional violation. First, they have failed to plead any facts demonstrating that she had a "personal involvement in the alleged constitutional violation," as necessary for personal liability. Instead, the facts pleaded in their Complaint relate to actions alleged to have been taken by the Department of Education. As stated above, the State is immune from liability under Section 1983 from such claims. Plaintiffs have not otherwise indicated that Ms. Jenner personally had any involvement in the ninth grade curriculum at their children's school. Accordingly, they have not met their burden of demonstrating personal liability.

In addition, as has been covered exhaustively in the brief submitted by the Penn-Harris-Madison School Corporation and Board, teaching evolution is not a violation of a constitutional right. *See Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 76 (2d Cir. 2001)("[T]he establishments Clause does not prohibit teaching about a doctrine, such as evolution, merely because it conflicts with the beliefs of a religious group.") To the contrary, the Supreme Court has held that a ban on teaching evolution would qualify as an endorsement of religions who deny the doctrine of evolution, and thus violate the First Amendment. *See Epperson v. State of Ark.*, 393 U.S. 97, 104-105 (1968). Accordingly, even if Plaintiffs had pled facts demonstrating that Ms. Jenner was personally involved in the establishment of the ninth grade curriculum, she has qualified immunity for her actions. The Court should therefore dismiss any claims for damages against Ms. Jenner in her personal capacity.

          Respectfully submitted,

          THEODORE E. ROKITA
          Attorney General of Indiana
          Atty. No. 18857-49

By:    */s/ Meredith McCutcheon*
          Meredith McCutcheon
          Deputy Attorney General
          Attorney No. 32391-49
          OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
          Indiana Government Center South, 5th Floor
          302 West Washington Street
          Indianapolis, IN 46204-2770
          Telephone: (317) 233-9357
          Facsimile: (317) 232-7979
          E-mail: Meredith.McCutcheon@atg.in.gov