Case 1:23-cv-00889-SEB-MG   Document 28   Filed 08/11/23   Page 1 of 9 PageID #: 168

FILED
08/11/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JENNIFER REINOEHL, ) | |
| ) | |
| JASON REINOEHL, ) | |
| ) | |
| SARAH REINOEHL ) | |
| PLAINTIFFS ) | |
| ) | Case No. 1:23-cv-00889-SEB-MG |
| v. ) | |
| ) | HON. SARAH EVANS BARKER |
| PENN-HARRIS-MADISON SCHOOL ) | |
| CORPORATION, ) | MAG. MARIO GARCIA |
| ) | |
| PENN-HARRIS-MADISON SCHOOL ) | |
| BOARD, ) | |
| ) | |
| and KATIE JENNER, in her official and ) | |
| individual capacity, ) | |
| DEFENDANTS ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT PENN-HARRIS-MADISON SCHOOL CORPORATION
MOTION TO DISMISS**

I.   **Introduction**

1

Jason Reinoehl, Jennifer Reinoehl, and Sarah Reinoehl (herein "Plaintiffs") respectfully oppose the Defendant, Penn-Harris-Madison School Corporation's (herein "PHM School Corp.") Motion to Dismiss. PHM School Corp. argues this Court lacks jurisdiction because the claims against the PHM School Corp. and the Penn-Harris-Madison School Board are duplicative. Plaintiffs have removed the Penn-Harris-Madison School Board as a defendant in the First Amended Complaint. The PHM School Corp. also claims Plaintiffs failed to join a party. However, this is an insufficient defense because it does not name the party Plaintiffs failed to join and therefore does not put Plaintiffs on notice of who is missing.

PHM School Corp. states that Plaintiffs claims are unripe, because T.R. is not high school age; however, PHM School Corp. also consists other schools at lower levels. L.R. is high-school age and has already suffered harm, and Sarah Reinoehl has already suffered harm and is seeking damages for that harm from the PHM School Corp. Jason and Jennifer Reinoehl do not have to keep subjecting their children to harm to pursue a lawsuit preventing that harm.

The PHM School Corp. ignores the Reinoehls' entire Complaint, which solely focuses on the religious coercion Jason and Jennifer Reinoehl's children suffered at the hands of the PHM School Corp. schools. It bases its assessment on its own statement that "teaching of evolution does not impose a material burden on religious exercise, belief, or conscience" but that is a merits-based decision that this Court should make at trial after all the evidence is presented to it.

Finally, the PHM School Corp. requests the Court strike any claims they have not addressed on Rule 8 grounds, but Rule 8 does not govern reasons for striking items from the record—the reasons for striking a complaint, such as insufficient defenses, are found in Rule 12 and PHM School Corp. pleads none of them with clarity but rather makes general scattershot claims that they all should be removed—without defining which "provisions" these are. They

then list specific paragraphs of facts supporting the Plaintiffs' claims. Statements of scientific fact that disprove Evolution and the Big Bang Theory and that explain to this Court the specific things taught in PHM School Corp. are neither redundant, immaterial, or impertinent. Rule 8(d)(2) specifically gives Plaintiffs leave to set out "2 or more statements of a claim…alternately or hypothetically" and that a pleading is sufficient if "any one of them is sufficient." Rule 8 (d)(3) also allows a party to state "as many separate claims…as it has, regardless of consistency."

## II.     Facts

Science has established certain standards for hypothesis. The Theory of Evolution and the Big Bang Theory do not meet these standards. Further, all the tenets of Evolution and the Big Bang Theory, including but not limited to the premise that chemicals came together in the ocean and formed blue-green algae; the universe exploded and then almost instantly slowed to the current observed rate of expansion and maintained that rate of expansion for billions of years; and that one species can change into another species; have been disproven by scientific experiments and/or go against scientific Laws—which have more weight than a Theory in science.

Evolution has been the Athiests' creation story since the time of Thales in ancient Greece. Despite its religious origins and nature, public schools in Indiana, including but not limited to the PHM School Corp. teach it. Although the PHM School Corp. teaches evolution in accordance with state standards in science classes required by the state of Indiana, it also teaches the atheist origin story of evolution in other elective classes that are not required or regulated by the state of Indiana. Further, they teach all aspects of evolutionary theory, including but not limited to the premise that chemicals came together in the ocean and formed blue-green algae; the universe exploded and then almost instantly slowed to the current observed rate of expansion

3

and maintained that rate of expansion for billions of years; and that one species can change into another species as if they are scientific facts when they violate scientific laws and have been disproven. By lying to children, the coerce them into believing that evolution is truth and therefore the Biblical story of creation, which clearly states God made the entire earth in 6 twenty-four hour days—and emphasizes that fact by stating the evening occurred after God created specific things and the morning then occurred before God created the next set of things.

Jason and Jennifer Reinoehl first enrolled their oldest son in the PHM School Corp. 2010. From 2010 until today, the PHM School Corp. has taught the atheist origin story of Evolution and the Big Bang Theory both independently of and under the direction of the State of Indiana—despite it being scientifically false and despite it contradicting the Biblical story of creation, which is the religious belief held by the Reinoehls. Four of Jason and Jennifer Reinoehl's children, including but not limited to L.R. and Sarah Reinoehl, have been taught that the Biblical story of creation is false and that the atheist origin story is scientific truth. The Reinoehls have a young daughter T.R. whom they would like to put in PHM School Corp., but whom they do not want to expose to this false religion. They have brought this lawsuit to seek damages for past harm and to prevent PHM School Corp. from teaching evolution so they can enroll their last child without suffering further harm or causing harm on their child by violating T.R.'s First Amendment rights. The Reinoehls filed this Complaint against the PHM School Corp. and the PHM School Corp. filed a Motion to Dismiss July 17, 2023.

### III.   ARGUMENT

This Court has subject matter jurisdiction over the case because the harm suffered by the Reinoehls was not a random singular act but one that has continued. Any child enrolled in public school in Indiana will be harmed if they believe their faith's origin story because they will

wrongly be taught that belief is scientifically false and only the atheist theory is true—even though the atheist theory is not scientifically true at all and has been disproven. The PHM School Corp. argues

### A. Article III Standing Is Satisfied with the "Deterrent Effect Doctrine"

To establish standing under Article III, a plaintiff must show actual or imminent, concrete, and particularized injury in fact. (*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In the Complaint, Plaintiffs state four of Jason and Jennifer Reinoehl's children have already been harmed by the teaching of evolution—that is an actual, concrete, and particularized injury. They further state that one of their children, T.R., will attend the PHM School Corp. schools and be taught evolution, when enrolled in PHM School Corp. if this court does not intervene to protect the child. That is an imminent, concrete, and particularized injury in fact. In *Lujan*, the plaintiffs were not arguing a clearly established Constitutional Right had been violated as the Reinoehls argue here and the Court was clear to point out that difference. In all the cited cases, the injuries were the result of random acts and failures to follow administrative procedures or laws correctly. In *Lujan*, for example, one plaintiff previously visited Sri Lanka without seeing an endangered animal and thought if the defendants did not change the next time she visited she also would not see an endangered animal. In this case, Jason and Jennifer Reinoehl's children attended PHM School Corp. and **were taught evolution.** Evolution is still taught at PHM School Corp.—and they do not deny it—and as soon as T.R. is enrolled in the PHM School Corp. she will be taught evolution as fact unless the Court provides the Reinoehl's with relief.

In this case, the public schools in Indiana all have taught Atheistic Evolution for decades, currently teach Atheistic Evolution, and will continue teaching Atheistic Evolution unless the Courts intervene and prohibit this First Amendment violation. This was not a random act the

Reinoehls were previously subjected to on one occasion, but occurred repeatedly over more than 10 years of education and four children in the PHM School Corp. system. Four of the Reinoehl's five children have attended school in the PHM School Corp. The Reinoehls plan to enroll T.R. in the PHM School Corp., but do not wish to have yet another child harmed by it. This Court can address and offer relief that allows them to enroll their youngest child in public school. In *Scherr v. Marriot Int'l, Inc.*, 833 F. Supp. 2d 945 (2011), the 7th Circuit upheld the "deterrent effect doctrine," where plaintiffs do not have to keep subjecting themselves to violations that cause them harm in order to establish standing as long as they state they plan to return once the violations are resolved. The Reinoehls believe they have made it clearer in the First Amended Complaint that they will enroll T.R. in PHM School Corp. as soon as they are sure it will not teach her the athiest's origin stories of Evolution and the Big Bang Theory as if they are scientific fact.

In the cited cases regarding the Court's analysis of evolution, evolution itself was addressed as if it were a religion—and since there is no established religion of evolution, the cases were dismissed. However, there is an established religion of atheism and Evolution and the Big Bang Theory are the origin story/ creation story that it uses. PHM School Corp. states that just because it borrows from Atheism that does not mean it is a religious teaching. The problem with this line of thinking is that although "do not steal" is not directly in conflict with any religious belief (i.e. there are no religious beliefs that state you must steal). Further, there is a difference between teaching something is good principal to follow and teaching it is scientific fact when it is not. Evolution and the Big Bang Theory are both scientifically disproven atheist origin stories that directly conflict with Biblical teaching. Teaching disproven scientific theories

6

as if they are fact when they contradict the origin stories of major world religions is supporting a state religion by denying Christianity is true.

If no cases that challenged precedent were allowed to proceed past the Motion to Dismiss stage, Roe v. Wade would not have recently been overturned. *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, 597 U.S. \_\_\_,

Further, if past harms suffered were not grounds for the damages Sarah Reinoehl seeks, then no accident victim—who has suffered harm and who is unlikely to be in another accident at any time in the future—could receive relief from the Court.

### B. The Penn-Harris-Madison School Board Has Been Removed

The Reinoehls have removed the Penn-Harris-Madison School Board from the First Amended Complaint and thereby fixed this issue so it is moot. Further, Rule 21 states misjoinder is not grounds for dismissal.

### CONCLUSION

All that is required at the Complaint stage is that the Plaintiffs have stated a claim upon which relief can be given by this Court. Whether or not Evolution is purely a religious theory taught as truth by the PHM School Corp. or not is a merits based decision that should be determined by the Jury requested in this case under the direction of the Hon. Sarah Evans Barker at a trial where evidence from both sides can be presented.

Respectfully submitted,

| /s/ Jennifer Reinoehl | /s/Sarah Reinoehl | /s/Jason Reinoehl |
|---|---|---|
| **Jennifer Reinoehl** | **Sarah Reinoehl** | **Jason Reinoehl** |
| Pro se Litigant | Pro se Litigant | Pro se Litigant |

7

**Dated August 11, 2023**

/s/ Jennifer Reinoehl
**Jennifer Reinoehl,** Pro se Litigant
51860 Cheryl Dr.
Granger, IN, 46530
574-302-6088
E-Mail: commercialsonly@juno.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was mailed to the Clerk of the Southern District of Indiana to be filed electronically, via the CM/ECF system, August 11, 2023, and distributed to the following:

| | |
|---|---|
| **Meredith McCutcheon** | **Hannah Gahimer** |
| **J. Derek Atwood** | **Amy Steketee Fox** |
| Indiana Government Center South | Church Church Hittle & Antrim |
| 302 W. Washington St. | 203 West Wayne Street, |
| 5th Floor | Suite 402, |
| Indianapolis, IN 46204-2770 | Fort Wayne, IN 46802 |

/s/ Jennifer Reinoehl
**Jennifer Reinoehl,** Pro se Litigant
51860 Cheryl Dr.
Granger, IN, 46530
574-302-6088
E-Mail: commercialsonly@juno.com