UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER J. REINOEHL, JASON REINOEHL, SARAH REINOEHL, <br><br>Plaintiffs, <br><br>v. <br><br>PENN-HARRIS-MADISON SCHOOL CORPORATION, <br>INDIANA STATE BOARD OF EDUCATION, <br>and KATIE JENNER in her official and individual capacity, <br><br>Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.: 1:23-cv-00889-SEB-MG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT PENN-HARRIS-MADISON'S REPLY IN SUPPORT OF
MOTION TO DISMISS VERIFIED AMENDED COMPLAINT**

Defendant Penn-Harris-Madison School Corporation ("Penn-Harris-Madison" or "the District") seeks dismissal of Plaintiffs' Verified First Amended Complaint against the District in its entirety. The following, along with Defendants' opening brief, demonstrates that Plaintiffs' arguments in opposition to the Motion are without merit. The Court should dismiss Plaintiffs' Count I and Count II against Penn-Harris-Madison in their entirety.

**ARGUMENT**

**I.   Plaintiffs lack subject matter jurisdiction for declaratory or injunctive relief.**

Penn-Harris-Madison argued in its opening brief that this Court lacks subject matter jurisdiction on any claims Plaintiffs bring for declaratory and injunctive relief because Plaintiffs lack standing. [Dkt. 40 at 5-10]. A court must exercise jurisdiction only where proper. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). So weighty is this duty that federal

courts have an independent responsibility to determine whether subject matter jurisdiction is proper before addressing the merits of a case. *Id*. at 340.

Plaintiff Sarah Reinoehl has not met her burden to show she faces imminent harm of any allegedly wrongful instruction in the future, a required element of standing for declaratory or injunctive relief. [Dkt. 31 ¶¶ 12, 80, 82]. Rather, she concedes "the harm" she alleges "may no longer exist." [Dkt. 45 at 6]. Without such harm, Plaintiff Sarah Reinoehl has no standing for declaratory or injunctive relief. *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000) (finding plaintiff must show significant likelihood of future injury to show standing for declaratory and injunctive relief).

Further, arguments by Plaintiffs Jennifer and Jason Reinoehl that they have standing for declaratory or injunctive relief are without merit. Plaintiffs bear the burden of showing standing. *DaimlerChrysler Corp.*, 547 U.S. at 342. To support their argument, Plaintiffs cite only "threatened enforcement" cases [Dkt. 45 at 7-8], which are not analogous to this action. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158-59 (2014). Such actions arise where a plaintiff asserts "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Id*. No such circumstances are at issue here.

Much of their argument is devoted to assertions that their older children, who "have attended" Penn-Harris-Madison schools, were taught about evolution in science classes there. [Dkt. 31 ¶ 12; Dkt. 45 at 6-8]. But allegations of past harm are insufficient to show standing for declaratory or injunctive relief. *Tobin for Governor v. Ill. St. Bd. of Elections*, 268 F.3d 517, 527-28 (7th Cir. 2001).

And Plaintiffs' concerns that their child T.R. may one day be taught about the theory of evolution if enrolled in an Indiana public school are far too speculative to warrant subject matter jurisdiction. Penn-Harris-Madison does not suggest Plaintiffs should subject themselves to any harm. Rather, Plaintiffs have not met their burden to show harm is imminent. To meet their burden to establish standing for declaratory and injunctive relief, Jennifer and Jason Reinoehl must show that any alleged harm concerning T.R.'s education is immediate and imminent. *Sierakowski*, 223 F.3d at 442-43; *Tobin for Governor*, 268 F.3d at 528. This, they have not done. T.R. is elementary age and is too young to attend high school. [Dkt. 31 ¶¶ 13, 90]. And so Plaintiffs Jennifer and Jason Reinoehl can show no immediate, imminent harm at the middle or high school levels. *Parker v. Ind. High Sch. Athletic Ass'n*, No. 1:09–cv–885, 2009 WL 4806943, at *3 (S.D. Ind. Dec. 2, 2009), reconsideration on other grounds by *Parker v. Ind. High Sch. Athletic Ass'n*, 2010 WL 987750 (S.D. Ind. March 11, 2010). Plaintiffs assert that "[s]tandards required by the Indiana State Board of Education and [Secretary] Katie Jenner . . . mandate that public schools, including the Penn-Harris-Madison District, teach evolution to all students from Kindergarten to 12th grade . . ." [Dkt. 31 ¶¶ 82, 90]. But Plaintiffs, bearing the burden to show standing, must offer more than "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).[1] Plaintiffs Jennifer and Jason Reinoehl's assertion of future harm is merely speculative. *Tobin for Governor*, 268 F.3d at 528 ("A plaintiff's speculation that he may suffer the same injury at some time in the future is insufficient to establish standing").

---

[1] Plaintiffs' Response Brief argues "[e]volution is still taught at [Penn-Harris-Madison]," adding, "Defendants do not deny it." [Dkt. 45 at 8]. However, at the present stage of litigation, Penn-Harris-Madison has made no affirmations or denials of fact. Rather, the focus here is whether Plaintiffs have met their burden to show the Court has subject matter jurisdiction and plausibility of their claims. Fed. R. Civ. P. 12, 15.

Plaintiffs further argue in their response that they have standing because "[a]ny child enrolled in public school in Indiana will be harmed, Christian, Muslim, Jew, Hindu . . ." by science instruction on the theory of evolution in accordance with Indiana's education guidelines. [Dkt. 45 at 6]. But standing requires plaintiffs to show alleged harm is "particularized," affecting the plaintiff "in a personal and individual way." *Spokeo v. Robins*, 578 U.S. 300, 339 (2016). Plaintiffs fail to show that they have the kind of immediate, imminent, and particularized harm that would warrant standing for declaratory or injunctive relief.[2]

## II.    **<u>Plaintiffs lack standing to bring claims on behalf of any others.</u>**

Penn-Harris-Madison argued in its opening brief that Jennifer, Jason, and Sarah Reinoehl, as pro se plaintiffs, are barred by the prudential standing doctrine from bringing claims in this action on behalf of any other. Plaintiffs protest that "parents may initiate cases pro se on behalf of harm suffered to [sic] their minor children," and alleging they bring this action to avoid violation of "T.R.'s First Amendment rights." [Dkt. 45 at 5].

To the extent Plaintiffs defend any effort to bring claims on behalf of Jason and Jennifer Reinoehl's children or any other person, their claims are without merit. The case quotation they offer states plainly that pro se parties may not represent another party without an attorney. [Dkt. 45 at 9] (quoting *Georgiakis v. Ill. St. Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013)). Further, Plaintiffs' citation to *Winkelman v. Parma City School District* is unavailing. 550 U.S. 516 (2007). *Winkelman* concerns parents' rights to bring an action *on their own behalf* under the specific statutory provisions in the Individuals with Disabilities Education Act, and thus is not relevant. *Id*.

---

[2] Further, as Penn-Harris-Madison has asserted [Dkt. 40 at 9, n.1], none of the Plaintiffs can show a causal relationship to any actual harm caused by Penn-Harris-Madison. *Garrison v. U.S. Dep't. of Educ.*, 636 F. Supp. 3d 935, 939 (S.D. Ind. 2022); *DaimlerChrysler Corp.*, 547 U.S. at 352-54. Nor can Plaintiffs demonstrate the remedy they seek would redress any injury. *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 42-43 (1976); *COPE v. Kan. St. Bd. of Educ.*, 821 F.3d 1215, 1223 at n.11 (10th Cir. 2016).

at 535. Plaintiffs' protest ignores the clear command of the Seventh Circuit, which has "repeatedly held" that a parent may not represent a child pro se. *Foster v. Bd. of Educ. City of Chi.*, 611 F. App'x 874, 877 (7th Cir. 2015) (citing *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) and *Malone v. Nielsen*, 474 F.3d 934 (7th Cir. 2007)).

### III. Plaintiff Sarah Reinoehl's claims for declaratory and injunctive relief are moot.

Penn-Harris-Madison argued in its opening brief that any claim Plaintiff Sarah Reinoehl brings here for declaratory or injunctive relief is moot. [Dkt. 40 at 10]. Though she asserts she "attended" Penn-Harris-Madison and took classes in which evolution was taught in the 2018-19 and 2020-21 school years, she does not aver she must take any Penn-Harris-Madison class teaching evolution in the future. [Dkt. 31 ¶ 13, 80].

Plaintiff Sarah Reinoehl has not averred that she faces any imminent, challenged harm. Thus, her claims for declaratory and injunctive relief under Counts I and II are moot. *Jordan ex rel. Jones v. Ind. High Sch. Athletic Ass'n*, 16 F.3d 785 (7th Cir. 1999) (finding plaintiff's Indiana Constitution claim moot after the student graduated from high school); *Hedges v. Wauconda Cmty. Sch. Dist. No. 118*, 9 F.3d 1295, 1297 (7th Cir. 1993) (vacating injunction, finding action was moot after student plaintiffs graduated and no longer attended school).

The bulk of the cases Plaintiffs offer are not relevant to this argument. One case concerned an action for damages only, and did not concern standing for declaratory or injunctive relief. *Uzuegbunam v. Preczewski*, 141 S.Ct. 792, 797 (2021) (concerning redressability of a claim for nominal damages; both parties "agreed that injunctive relief was no longer available").

Several of Plaintiffs' cases concerned the mootness or active controversy present in cases for injunctive relief where the dispute between the parties was ongoing. *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (voluntary cessation of unlawful activity did not establish mootness);

5

*Church of Scientology of Cal. v. U.S.*, 506 U.S. 9, 12 (1992) (observing the case was not moot because the plaintiffs asserted the defendant continued to unlawfully possess their records); *City of Erie v. Pap's A.M.*, 529 U.S. 277, 285-89 (2000) (finding case concerning constitutionality of local nude dancing prohibition was not moot; plaintiff might resume prohibited activities, and defendant wished to litigate the matter to be able to enforce its ordinance); *Chafin v. Chafin*, 568 U.S. 165, 173 (2013) (finding mootness doctrine did not apply to international child custody case between parents in Scotland and the United States; though the child had been returned to Scotland, the parties "continue[d] to vigorously contest the question of where their daughter [would] be raised"). Plaintiff Sarah Reinoehl, a pro se plaintiff who represents only her own interests in this action, has pled no facts alleging she faces future harm.

And the remaining case Plaintiffs cite undermines their argument, finding an action for injunctive relief is moot where the disputed conduct no longer continues. *Mills v. Green*, 159 U.S. 651 (1895) (dismissing as moot action for access to vote in a specific election where the election had already passed). Plaintiff Sarah Reinoehl's failure to address in her response any claim for declaratory or injunctive relief effectively concedes that this Court has no jurisdiction of such claims. *See, e.g., Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (finding plaintiff's failure to respond to an argument in a defendant's motion to dismiss warrants dismissal on that issue).

### IV. Plaintiffs Jennifer and Jason Reinoehl's claims for declaratory and injunctive relief are unripe.

Penn-Harris-Madison argued in its opening brief that Plaintiffs Jennifer and Jason Reinoehl's claims assert no case or controversy and are unripe. [Dkt. 40 at 11]. Plaintiffs' threatened enforcement cases are, again, unpersuasive against these very different circumstances. [Dkt. 45 at 8]. Plaintiffs' argument on ripeness hinges on their alleged concern that T.R. will "be

6

harmed when taught evolution when she is enrolled in [Penn-Harris-Madison]" schools "unless this Court intervenes to protect the child." [*Id.*] This argument assumes many steps in the development of a controversy between Plaintiffs and Penn-Harris-Madison. A matter is unripe when it presents only a hypothetical, speculative, or illusory dispute. *Hinrichs v. Whitburn*, 975 F. 2d 1329, 1333 (7th Cir. 1992); *Anders ex rel. Anders v. Fort Wayne Cmty. Schs.*, 124 F. Supp. 2d 618, 630 (N.D. Ind. 2000). Plaintiffs' averments regarding the teaching of evolution from kindergarten to twelfth grade [Dkt. 31 ¶¶ 82, 90] are no more than "naked assertions" that do not meet Plaintiffs' burden to show subject matter jurisdiction in this case. *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Thus, the matter is not fit for decision, and Plaintiffs have not met their burden of showing hardship if the Court dismisses the matter. While a federal court has responsibility to exercise its jurisdiction, that jurisdiction exists only where there is a genuine controversy between the parties. Further, federal courts should avoid litigation of abstract disagreements. *Hinrichs*, 975 F.2d at 1333.

## V.     Plaintiff Jennifer and Jason Reinoehl's Establishment Clause claims are time-barred.

Penn-Harris-Madison argued in its opening brief that Plaintiffs Jennifer and Jason Reinoehl's 42 U.S.C. § 1983 Establishment Clause claim (Count I) for past wrongs is time-barred. [Dkt. 40 at 13-15].

Plaintiffs' arguments relating to claims by Plaintiff Sarah Reinoehl are irrelevant to the timeliness of her parents' claims. Even if Sarah Reinoehl's claims toll, the Indiana statute tolling claims by a minor does not toll parent claims. *Hansen v. Bd. of Trs. of Hamilton Se. Corp.*, 522 F. Supp. 2d 1101, 1106-07 (S.D. Ind. 2007). Plaintiffs offer no authority otherwise.

Plaintiffs' initial pleading, filed May 23, 2023, asserted claims based on classes in the 2018-19 and 2019-20 school years. [Dkt. 1]. Plaintiffs Jennifer and Jason Reinoehl acknowledge

7

the applicable statute of limitations is two years and do not deny their initial claims were untimely. [Dkt. 45 at 10]. For that reason alone, none of their claims based on subsequently added allegations may relate back to the filing date of the original pleading. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001).

Further, Plaintiffs Jennifer and Jason Reinoehl cite no authority to suggest new allegations in the August 7, 2023 Verified Amended Pleading arise out of the same conduct, transaction, or occurrence. [Dkt. 31]. Nor can they, as the new allegations are based on entirely different classes in a completely different school year, academic year 2020-21. [*Id.*] For that additional, independent reason, Jennifer and Jason Reinoehl's Establishment Clause claims for past wrongs in the 2020-21 school year may not relate back to their initial pleading. Fed. R. Civ. P. 15; *Myers v. Muncie Police Dept.*, No. 1:20-cv-02044, 2021 WL 2690090, at *9 (S.D. Ind. May 26, 2021), adopted by 2021 WL 2682329 (S.D. Ind. June 29, 2021); *Westbrook v. Sheriff of Del. Cnty.*, No. 1:18-cv-01604, 2018 WL 10911892, at *5 (S.D. Ind. Dec. 17, 2018), aff'd 790 Fed. Appx. 807 (7th Cir. 2019); *Lewellen v. Schneck Med. Ctr.*, No. 4:05–cv–0083, 2009 WL 435094, at *4 (S.D. Ind. Feb. 20, 2009).

Plaintiffs' brief adds new assertions about the education of their children, some relating to online instruction, some going back as far as 2010. [Dkt. 45 at 4, 8]. It is "axiomatic . . . that a plaintiff may not amend [a] complaint in [a] response brief." *Reiter v. Noel*, No. 4:22-cv-00127, 2023 WL 5177314, at *7 (S.D. Ind. Aug. 11, 2021) (quoting *Pirelly Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). In any case, Plaintiffs' claims based on any action before May 23, 2021 are time barred under the undisputed two-year statute of limitations in this action. *Miles v. Vanderburgh Cty. Jail*, 335 F. App'x 633, 635 (7th

8

Cir. 2009); Ind. Code § 34-11-2-4. Accordingly, Plaintiffs Jennifer and Jason Reinoehl's Count I claims for alleged past wrongs by Penn-Harris-Madison are untimely and should be dismissed.

## VI. Plaintiffs Counts I and II point to no unconstitutional policy, practice, or custom by Penn-Harris-Madison.

Penn-Harris-Madison argued in its initial brief that Plaintiffs fail to state a claim against the District in Count I because the District is not liable under 42 U.S.C. § 1983 for the actions of distinct, state entities.[3] [Dkt. 40 at 15-16]. Plaintiffs' § 1983 claim against Penn-Harris-Madison hinges on their assertion the District teaches about evolution as "mandated" by Indiana law. [Dkt. 31 ¶¶ 26, 36, 40, 47, 52, 62, 66-82, 109-17]. The Seventh Circuit has made clear a local government entity merely complying with state law is not a "person" liable under 42 U.S.C. § 1983. *Surplus Store & Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 790-92 (7th Cir. 1991). In such circumstance, there is no policy, custom, or official act of the local governing body that proximately caused a plaintiff's injury. *Snyder v. King*, 745 F.3d 242, 246-50 (7th Cir. 2014).

Plaintiffs offer no authority to the contrary. [Dkt. 45 at 1, 5]. They respond only that Penn-Harris-Madison can be responsible for two high school elective classes they allege L.R. and Sarah Reinoehl took in the 2020-21 school year. [Dkt. 45 at 2, 5 citing Dkt. 31 ¶ 83]. Accordingly, Plaintiffs abandon any § 1983 claim against Penn-Harris-Madison based on instruction in any other grades or classes, including state-mandated teaching in any elementary, middle, and high school courses. *Bonte*, 624 F.3d at 466 (7th Cir. 2010) (stating "failure to respond to an argument ... results in wavier," and "silence leaves us to conclude" plaintiffs concede). But further, Plaintiffs' averments and arguments fail to offer any Penn-Harris-Madison policy, custom, or official act

---

[3] Plaintiffs' memorandum of law regarding Penn-Harris-Madison's Motion is entitled "Memorandum of Law in Opposition to State Defendants' Motion to Dismiss." [Dkt. 45 at 1]. As demonstrated in Penn-Harris-Madison's initial brief, the District is a legal entity separate from the Indiana State Board of Education, the Indiana Secretary of Education, and any other state agency or office. [Dkt. 40 at 15-16].

that violates the Establishment Clause. And their "naked assertions" and conclusory allegations of wrongdoing are insufficient to overcome dismissal of these claims. *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### VII. Plaintiffs fail to state a claim on which relief can be granted under the Establishment Clause.

Penn-Harris-Madison argued in its opening brief that Plaintiffs' Count I fails for the additional reason that Plaintiffs do not plead a viable claim under the Establishment Clause. [Dkt. 40 at 16-24].[4]

Plaintiffs cite no authority that supports their claims. They offer no substantive counter to Penn-Harris-Madison's arguments. They recite the test articulated in *Lemon v. Kurtzman*, 403 U.S. 602 (1973). [Dkt. 45 at 10], yet the Supreme Court recently observed that *Lemon* is no longer good law. *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407 (2022). Rather, Plaintiffs must state a claim for religious coercion. *Id*. Further, Plaintiffs' assertion that atheism is a religion as recognized by the Supreme Court [Dkt. 45 at 4] cites to a case that does not so find. *McCreary Cty. v. ACLU of Ky.*, 545 U.S. 844 (2005). And Plaintiffs' purported citation to a non-party interest group's commentary on atheism is inapposite. [Dkt. 45 at 4]. Plaintiffs' arguments are without merit.

But most importantly, Plaintiffs' pleading does not assert a plausible claim that the challenged courses impose religious coercion. Despite their arguments [Dkt. 45 at 10] and averments on a wide range of topics [Dkt. 31 ¶¶ 15-66, 109-17], Plaintiffs' criticism is highly analogous to claims rejected by other courts. *Peloza v. Capistrano Unif. Sch. Dist.*, 37 F.3d 517, (9th Cir. 1994). For example, in *Peloza* the Ninth Circuit characterized as "patently frivolous," a plaintiff's very similar claim "that it is unconstitutional for the school district to require him to

---

[4] Plaintiffs refer to a claim under the Equal Protection Clause. [Dkt. 45 at 10]. Plaintiffs' pleading asserts no action under the Equal Protection Clause. [Dkt. 31 ¶¶ 109-17].

teach, as a valid scientific theory, that higher life forms evolved from lower ones." *Id*. at 520; *see also COPE*, 821 F.3d at 1219-21 (dismissing claim that the Kansas education standards on the theory of evolution imposed a "non-religious worldview in the guise of science education"; plaintiffs lacked standing because their action could not "support the conclusion that the [s]tandards [were] a government-sponsored religious symbol"); *Wright v. Hous. Indep. Sch. Dist.*, 366 F. Supp. 1208, 1208-09 (S.D. Tex. 1972) (rejecting plaintiff's arguments that district's "uncritical examination of the theory of evolution . . . [u]nder the guise of scientific theory" amounted to "propagation of a doctrine . . . fundamentally religious in nature"), *aff'd by Wright v. Hous. Indep. Sch. Dist.*, 486 F.2d 137, 138 (5th Cir. 1973) (observing plaintiff characterized the teaching of evolution as "atheistic religion"); *see, e.g.,* Brief of Appellee, *Edwards v. Aguillard*, 1986 WL 727665, at 8 (describing testimony of proponents of the unconstitutional Louisiana Creationism Act characterized the theory of evolution as an "atheistic theor[y]" that "cannot be scientific").

The Court need not credit Plaintiffs' efforts to label the challenged courses as atheist and religious. *Twombly*, 550 U.S. at 555-56 (finding plaintiff must offer "more than labels" to survive dismissal); *Iqbal*, 556 U.S. at 678. However genuine, a conflict between Plaintiffs' faith and the challenged curriculum does not render the curriculum a violation of the Establishment Clause. *Epperson v. Ark.*, 393 U.S. 97, 106-07 (1968). And Plaintiffs' allegations that the challenged courses teach flawed information do not state a claim that the courses are religious. *COPE*, 821 F.3d at 1220-21 (dismissing Establishment Clause claim for failure to show injury necessary for standing; despite plaintiff's assertion that Kansas education standards on evolution included misrepresentations and omissions, plaintiff's criticisms did not demonstrate religious criticism or endorsement); *Smith v. Bd. of Sch. Comm's of Mobile Cty.*, 827 F.2d 684, 694-95 (11th Cir. 1987)

(reversing district court decision; noting that even if challenged textbooks were educationally inadequate, "the wisdom of an educational policy . . . is not germane to the constitutional issue" under the Establishment Clause). Parents "raise a constitutional claim" only if the challenged curriculum "establishes a *religion*." *Fleischfresser v. Dirs. of Sch. Dist. 200*, 15 F.3d 680, 688 (7th Cir. 1994) (italics in original).

As the Court observed in *Flieschfresser*, "[i]f we are to eliminate everything that is objectionable to any [religious group] or inconsistent with any of their doctrines, we will leave public schools in shreds. Nothing but educational confusion and a discrediting of the public school system can result from subjecting it to constant law suits." 15 F.3d at 688 (quoting *McCollum v. Bd. of Educ.,* 333 U.S. 203, 235 (1948) (Jackson, J., concurring)). Count I fails to state a claim for violation of the Establishment Clause, and so it must be dismissed.

**VIII. Plaintiffs' Count II fails to state a claim on which relief can be granted under Article I, Section 3 of the Indiana Constitution.**

Penn-Harris Madison argued in its opening brief that Plaintiffs have failed to state a claim on which relief can be based under Article I, Section 3 of the Indiana Constitution. [Dkt. 40 at 24-28]. Plaintiffs have offered no substantive response to any of Penn-Harris-Madison's arguments. [Dkt. 45]. Such an omission forecloses their claims. Count II should be dismissed in its entirety. *Zheng v. Austin*, No. 1:21-cv-02310, 2023 WL 167437, at *4, 14 (S.D. Ind. Jan. 12, 2023) (finding pro se party's "failure to respond . . . results in waiver") (quoting *Bonte*, 624 F.3d at 466).

**IX. Alternatively, to the extent any claims remain, and to the extent Secretary Jenner and the Indiana State Board of Education do not represent all indispensable parties, this Court should dismiss Plaintiffs' Complaint for failure to add an indispensable party.**

Plaintiffs have offered no response to Penn-Harris-Madison's arguments on this score. [Dkt. 45]. Thus, arguments they may advance in any future litigation are foreclosed. *Citizens for*

*Appropriate Rural Rds. v. Foxx*, 14 F.Supp. 3d 1217 (S.D. Ind. 2014) (citing *Bonte*, 624 F.3d at 466).

X. **Alternatively, to the extent any claims remain, this Court should strike various paragraphs of Plaintiffs' Pleading.**

Penn-Harris-Madison argued in its initial brief that this Court should strike identified paragraphs or portions of paragraphs from Plaintiffs' Complaint. [Dkt. 45 at 30-31]. On its own, or in response to a party's motion, this Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see, e.g., Reinoehl v. Ctrs. for Disease Control and Prevention*, No. 3:21-CV-608, 2021 WL 8650620, at *1 (N.D. Ind. Nov. 8, 2021). It is appropriate for a court to strike material from a plaintiff's pleading where, as here, doing so would reduce unnecessary clutter and expedite the matter. *Heller Financial v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Penn-Harris-Madison has identified paragraphs and topics that should be stricken under this standard. [Dkt. 45 at 30-31]. Plaintiffs' action asserts that the teaching of evolution in accordance with Indiana's education guidelines amounts to a violation of the Establishment Clause of the First Amendment to the U.S. Constitution (Count I) and Article I, Section 3 of the Indiana Constitution (Count II). [Dkt. 31 ¶¶ 109-17]. But Plaintiffs' verified pleading launches averments on a wide range of topics far afield of the issues in this case. For example:

- Plaintiffs repetitively label challenged teachings as "atheistic" or an "atheistic origin myth" [*Id*. ¶ 15, 29, 30, 61, 70, 73, 99] and assert immaterial criticisms of unnamed atheists or "atheistic scientists" generally [*Id*. ¶ 33, 35, 100]. For example, Plaintiffs assert the blanket criticism that "[i]nstead of accepting the facts, atheists ignore them." [*Id*. ¶ 33]. They assert "atheist scientists are biased enough to overlook data disproving their theory." [*Id*. ¶ 35].

> They criticize advocates of [a]theism, arguing that such advocates "continuously attack public institutions for having any semblance of Christianity . . ." [*Id*. ¶ 100].

- Plaintiffs' verified, amended pleading avers that "[i]t was known that artificial or non-nutritive sweeteners had no calories and provided a sweet taste similar to sugar." [*Id*. ¶ 25]. Plaintiffs' averment continues, asserting "scientists" wrongly believed that such substitutes would lead to weight loss, but that over time, experiments and real world outcomes demonstrated the opposite. [*Id*.]

- Plaintiffs' verified, amended pleading asserts that "scientists know that two animals can produce fertile offspring but insist on labeling them as different species." [*Id*. ¶ 58]. They continue, "lions (Panthera leo) and tigers (Panthera tigris) are known to be able to produce fertile offspring, but scientists have still classified them as different species in the same genus because a cross has not yet been found in the wild." [*Id*.].

- Plaintiffs' verified, amended pleading asserts as well that "no cross between a Pomeranian and a Husky has been found in the wild." [*Id*. ¶ 59].

- Plaintiffs' verified, amended pleading argues that "[s]emi-trucks and houses are both rectangular and can hold things inside of them" but, Plaintiffs continue, "that does not mean that one evolved from the other," and "[i]f we had lost all documentation of how semi-trucks came into being there would be absolutely no way to develop a scientific test to discover whether or not they had evolved from houses." [*Id*. ¶ 70].

- Plaintiffs' verified, amended pleading asserts "neither cervical cancer nor lung cancer – both mutations induced by environmental factors – are heritable." [*Id*. ¶ 77].

- Plaintiffs' verified, amended pleading argues that "[j]ust as eugenics – or the purifying of the human race – has been removed from the public school curriculum, evolution, another

14

pseudoscience upon which eugenics was founded, also needs to be removed from it." [*Id.* ¶ 102].

These statements are illustrative, not exhaustive. Such verified assertions reference no specific time, place, events, or individuals. They pertain to no actions by Penn-Harris-Madison, Plaintiffs, or any other party to this case. They are plainly not pertinent to the question of whether the theory of evolution taught in Indiana schools was or is an unconstitutional imposition of religious coercion. [Dkt. 31 ¶¶ 109-17]. These objections are genuine and well-founded. Such "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Reinoehl v. Ctrs. For Disease Control and Prevention*, No. 3:21-CV-608, 2022 WL 483741, at *3 (N.D. Ind. Feb. 16, 2022) (*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). The decision to strike material is within the broad discretion of the Court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 655 (7th Cir. 1992) (cited by *Parker v. Rockies Exp. Pipeline, LLC*, No. 1:11-cv-0139, 2012 WL 4762138, at *2 (S.D. Ind. Oct. 5, 2012).

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims must be dismissed with prejudice in their entirety. Plaintiffs have already once amended their claims in response to a prior motion to dismiss in this action. [Dkt. 1, 27, 31]. Plaintiffs should not be permitted to amend their claims again, as the arguments above demonstrate that such repleading would be futile. *Bogie v. Rosenberg*, 705 F. 3d 603 (7th Cir. 2013); *Norris v. Allstate Ins. Co.*, No. 3:22-CV-784, 2023 WL 2571685, at *2 (N.D. Ind. Mar. 17, 2023) (granting motion to dismiss pro se pleading with prejudice where plaintiff abandoned claim by failing to respond to motion to dismiss) (quoting *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (holding that even pro se litigants must file legal

15

arguments citing supporting authority)); *Thomas v. Fin. Builders F.C.U.*, No. 1:22-cv-00776, 2023 WL 1473302 (S.D. Ind. Feb. 2, 2023) (granting motion to dismiss pro se pleading with prejudice where plaintiff's theory was foreclosed by existing law); *Driver v. Solomon*, No. 1:21-cv-01932, 2022 WL 1572450, at *3 (S.D. Ind. Apr. 26, 2022) (granting motion to dismiss pro se pleading with prejudice where plaintiff's claims were untimely). In the alternative, to the extent the Court deems any claims survive, all redundant, immaterial, impertinent provisions of Plaintiffs' Complaint should be stricken.

Respectfully submitted,

CHURCH CHURCH HITTLE + ANTRIM

*Amy Steketee Fox*
Amy Steketee Fox (25112-53)
CHURCH CHURCH HITTLE + ANTRIM
Central Building, Suite 402
203 W. Wayne St
Fort Wayne, Indiana 46802
Phone: 260-399-9490
Fax: 260-399-9491
afox@cchalaw.com

*Hannah B. Gahimer*
Hannah B. Gahimer (37630-41)
CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, IN  46038
Phone: 317-773-2190
Fax: 317-773-5320
hgahimer@cchalaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October, 2023, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Jennifer J. Reinoehl
Jason Reinoehl
Sarah Reinoehl
51860 Cheryl Dr.
Granger, IN 46530
commercialsonly@juno.com

Theodore E. Rokita (18857-49)
Meredith McCutcheon (32391-49)
Meredith.McCutcheon@atg.in.gov
J. Derek Atwood (33947-49)
Derek.Atwood@atg.in.gov

*Amy Steketee Fox*
Amy Steketee Fox #25112-53