UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER REINOEHL, JASON REINOEHL, and SARAH REINOEHL,<br><br>    Plaintiffs,<br><br>    v.<br><br>PENN-HARRIS-MADISON SCHOOL CORPORATION, INDIANA STATE BOARD OF EDUCATION, and KATIE JENNER, in her official and individual capacity,<br><br>    Defendants. | Civil No.: 1:23-CV-00889-SEB-MG |

**STATE DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED VERIFIED COMPLAINT**

The Court should dismiss Plaintiffs' First Amended Verified Complaint as the Court lacks subject matter jurisdiction, and Plaintiffs have failed to state a claim for which relief may be granted. Plaintiffs argue that they currently have standing because their children who have already completed their ninth grade education were harmed by the teaching of evolution and because their child in elementary school cannot enroll in public school due to the teaching of evolution. However, they do not have an imminent and particularized harm necessary for injunctive or declaratory relief, and their claim that their younger child might suffer a harm if he enrolls in the public school system is not ripe. Further, they have not stated a claim for which relief may be granted under the establishment clause because courts have determined that evolution is a scientific principle, not a religious belief.

1. **The Court lacks subject matter jurisdiction because Plaintiffs do not have standing for declaratory or injunctive relief.**

As stated in Defendants' original Motions to Dismiss, the Reinoehls must be able to show imminent harm in order to have standing. *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 344 (7th Cir. 2018) (quoting *Dunnet Bay Const. Co.*, 799 F.3d at 688) (internal quotation marks omitted) (stating that a plaintiff must allege the "invasion of a legally protected interest which is . . . concrete and particularized, and . . . actual or imminent"). Defendants argued that Plaintiffs do not have a harm that is actual or imminent because the Reinoehls' older children have already completed ninth grade biology, and their younger child is in elementary school and, therefore, several years away from ninth grade biology.

The Reinoehls now attempt to belatedly and indirectly amend their complaint through their response by stating that they are harmed because evolution is taught in all years from kindergarten through twelfth grade. This argument lacks merit because the Reinohels' Amended Complaint did not allege that evolution is taught in all years of public school. They merely cited to the ninth grade biology guidelines. They cannot amend their complaint indirectly through arguments in subsequent filings. *See Anderson v. Donahue*, 699 F.3d 989, 997 (7th Cir. 2012). Moreover, the argument that evolution is taught in every year of public school education is entirely speculative. Just because science is taught at every level from Kindergarten to eighth grade does not mean evolution is taught. The Reinoehls were not able to cite to any guidelines regarding evolution other than guidelines for ninth grade. And even those guidelines were from 2016, over seven years ago.

Accordingly, as already articulated in the Defendants' Motions to Dismiss, Plaintiffs do not have standing for their declaratory and injunctive claims. Their older children have already completed school and have not pled any intent to repeat ninth grade biology. Therefore, they have not pled a harm that is "actual or imminent." *See Evans*, 889 F.3d at 344. And T.R. is in elementary school, not high school. It is speculative whether he will even be in Indiana for ninth grade. *See*

*Fleischfresser v. Dirs. of Sch. Dist. 200*, 15 F.3d 680, 683-4 (7th Cir. 1994) (stating that parents may have standing to challenge establishment clause violations in the school their children presently attend).

2. **Evolution is a scientific theory or doctrine.**

In their response to Defendants' Motions to Dismiss, Plaintiffs argue that the Supreme Court was "told" that the theory of evolution was a valid scientific theory and never actually considered evidence about whether it was a valid scientific theory. Therefore, according to Plaintiffs, they have a valid First Amendment claim and should be allowed to present evidence that it is not a scientific theory. This argument lacks merit because the Supreme Court inherently found that evolution is a valid scientific theory by considering it as such. *See Epperson v. State of Ark.*, 393 U.S. 97, 107 (1968) (holding, with respect to evolution, that "the State's undoubted right to prescribe the curriculum for its public schools does not carry with it the right to prohibit, on pain of criminal penalty, the teaching of a *scientific theory or doctrine* where that prohibition is based upon reasons that violate the First Amendment").

Moreover, in *Peloza v. Capistrano Unified School Dist. et al,* 37 F.3d 517 (9th Cir. 1994), the Ninth Circuit directly considered whether evolution is a valid scientific theory, rather than a religion, and concluded it is a scientific theory. Peloza, a teacher, argued that evolution was not a valid scientific theory because it is based on events that "occurred in the non-observable and non-recreatable past and hence are not subject to scientific observation." *Id.* at 520. The Court rejected this argument, concluding that evolutionism defines a biological concept: higher life forms evolve from lower ones. *Id.* at 521. It reasoned: "the concept has nothing to do with *how* the universe was created; it has nothing to do with whether or not there is a divine Creator (who did or did not create the universe or did or did not plan evolution as part of a divine scheme)." *Id.*

Due to the legal precedent rejecting the argument that evolution is a religious belief rather than a valid scientific theory, Plaintiff's response to the extensive arguments provided in Defendants' Motions to Dismiss lack merit.

### 3. Katie Jenner is immune from damages in her individual capacity.

As argued in the State Defendants' Motion to Dismiss, Ms. Jenner has qualified immunity for actions in her individual capacity. In response to this argument, Plaintiffs quote *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974) for the proposition that damages against individuals are a permissible remedy notwithstanding the fact they hold public office. However, *Scheuer* and their quoted language concern *torts* committed by public officials. Plaintiffs have not alleged that Ms. Jenner committed a tort. As a result, this case law and argument are not applicable. Instead, as already articulated, Ms. Jenner has qualified immunity for actions in her individual capacity.[1]

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Atty. No. 18857-49

By:   */s/ Meredith McCutcheon*
Meredith McCutcheon
Deputy Attorney General
Attorney No. 32391-49
OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 233-9357
Facsimile: (317) 232-7979
E-mail: Meredith.McCutcheon@atg.in.gov

---

[1] The State Defendants further incorporate the arguments made in Defendant Penn-Harris Madison's Reply in Support of Motion to Dismiss Verified Amended Complaint. Plaintiffs argue that the State Defendants cannot incorporate another defendant's arguments. However, they have produced no legal authority in support of that argument. Incorporation serves the purposes of judicial economy and conserving state resources.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October, 2023, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Jennifer J. Reinoehl
Jason Reinoehl
Sarah Reinoehl
51860 Cheryl Dr.
Granger, IN 46530
commercialsonly@juno.com

Amy Steketee Fox (251127-53)
Hannah B. Gahimer (37630-41)
afox@cchalaw.com

                                       /s/ Meredith McCutcheon
                                       Meredith McCutcheon
                                       Deputy Attorney General

OFFICE OF THE INDIANA ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Phone:  (317) 233-9357
Fax:  (317) 232-7979
Email: Meredith.McCutcheon@atg.in.gov